HUSTED v. VAN NESS et al.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

1. APPEAL—PARTY AGGRIEVED—NONALLOWANCE OF COSTS.
   A defendant against whom a complaint to cancel or reform an instrument for fraud is dismissed, is entitled to appeal for nonallowance of costs, there being no evidence whatever of fraud; the discretion as to imposing costs in equity actions not being arbitrary.

2. REFORMATION OF INSTRUMENT.
   An instrument cannot be reformed where there is no proof of fraud or mistake, mutual or otherwise.

3. SAME—PARTIES TO ACTION.
   One who has parted with all interest in the subject of a release cannot maintain an action to reform it.

Appeal from special term.

Action by Gilbert M. Husted against Edward Van Ness and David Thomson, trustee of the estate of Benjamin Lord, deceased, to cancel or reform a release. The complaint was dismissed, as to Van Ness, without costs, and judgment rendered against Thomson for reformation of instrument, and both defendants appeal. Modified as to Van Ness; reversed as to Thomson.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, and PATTERSON, JJ.

Louis A. Noble, for appellant Van Ness.
George Putnam Smith, for appellant Thomson.
A. Edward Woodruff, for respondent.

BARRETT, J. The defendant Thomson is substituted trustee of the estate of Benjamin Lord, deceased. His predecessor was Augustus Cruikshank, appointed by order of the court in 1883, who was the principal party in the transactions under review, and who was represented throughout them by the defendant Van Ness, as his attorney. The plaintiff was a beneficiary of Benjamin Lord's estate, claiming a one-eleventh interest therein. On June 16, 1887, he gave to one Savage a power of attorney to act for him in the collection of this claim, and in the same instrument assigned to him 50 per cent. of his interest, as compensation for his services. On September 22d, following, Savage transferred all his interest thus acquired to Woodruff, the attorney for the plaintiff in this action. Judgment in an action brought by Cruikshank for the construction of his decedent's will was entered December 28, 1887, and plaintiff's interest was fixed at the one-eleventh claimed. In the following year several claimants of the Husted interest appeared. On April 29, 1890, Cruikshank brought an interpleader suit to determine the title of these various claimants. The day after the commencement of this latter action, the present plaintiff called upon the defendant Van Ness, and an agreement was made for the settlement of the one-half of the one-eleventh interest which he still owned. In return he executed a paper which is the basis of the present controversy. It is entitled in an action pending against

Cruikshank, as trustee, for an accounting, and recites a judgment in said action which fixed the balance due to the cestuis que trustent. Then comes the statement that plaintiff, one of said cestuis que trustent "in consideration of the premises, and the consideration of the payment to him of the sum of $4,757.09 by the defendant [Cruikshank], the same being one-half of one-eleventh of said balance," releases and discharges the defendant, as trustee, from all claims and demands whatsoever.

We are now in a position to understand, as far as may be, the present action. The complaint states the above facts, together with much that is immaterial, and makes the charge that plaintiff was doubly defrauded in the transaction set forth—First, in being induced, by misrepresentations on Van Ness' part as to the difficulty and expense of securing payment of his claim, to settle his interest for less than its value; and, second, in the procurement from him of a paper which, to quote from the complaint, "the said trustee's attorney and the said trustee have used, and purpose to use, in an unconscionable manner." This unconscionable use consists, so the plaintiff alleges, in the claim said to be made by Cruikshank and Van Ness that the release was of the whole original one-eleventh interest, and not of the one-half thereof. The demand for relief is that the release be canceled, and the money paid thereon be adjudged to be a payment on account only, or that it be reformed so as clearly to state that it is for one-half of that interest only, and that defendants be enjoined from using it in any way as a release of the whole interest, or as proof of the settlement of the same. The complaint is remarkable; the proof, still more so. Plaintiff not only wholly failed, but hardly attempted, to prove fraud in the procurement of the release, or an inequitable or unconscionable use of the same. The findings of the trial court negative, as the undisputed evidence rendered inevitable, the existence of either. The court, however, found "that the said release, in its present form, is capable of being, and has been, used to the serious prejudice and injury, and pecuniary loss and damage, of the plaintiff." The judgment dismissed the complaint, as to the defendant Van Ness, without costs, and directed the reformation of the release "so that the same shall be read and construed as being a release of but one-half of the one-eleventh share" owned by plaintiff, and enjoined the defendant Cruikshank "from using or settling up in any way, whether in legal proceedings or otherwise, the said release as a general release of the entire said one-eleventh share."

The plaintiff raises the preliminary objection that the defendant Van Ness has not the right to appeal. It is said that he is not a party aggrieved, under section 1294 of the Code of Civil Procedure, since the complaint was dismissed as to him, and the denial of costs violated no legal right. The objection is not well taken. While the imposition of costs in equity actions is discretionary, the discretion is not arbitrary. It is a judicial discretion, calling for the sound judgment of the court upon all the facts and circumstances of the case. There is undoubtedly power in this court to review

the judgment in that regard.   Ordinarily the appellate court will not interfere with such discretion, where there is a reasonable basis for its exercise.   Here, however, we find nothing but unsupported charges of fraud.   Mr. Van Ness has been compelled to rest under these charges until the trial, and to defend himself against them. It seems a poor measure of justice to dismiss such charges without awarding him even the meager recompense which the law allows. The dismissal without costs would seem to indicate that, while the plaintiff failed to establish his charges, there was at least some slight basis for their assertion.   Thus, Mr. Van Ness is wronged, not only in pocket,—for he has had to bear the expense of defending,—but in reputation.   The latter should not thus be left in doubt, for it is apparent that the charges were entirely wanton and gratuitous.   Nor should the plaintiff be permitted to escape the ordinary consequences of making such unfounded charges.   Otherwise there would be encouragement to slander under the protection of judicial proceedings.   We think the judgment appealed from should be modified as to the defendant Van Ness, by awarding to him costs of the trial and of the appeal.

As to the defendant trustee, the judgment should be reversed: (1) There was no proof of damage sustained by, or threatened to, plaintiff, on account of the form of the release.   He had parted with all his rights, and had no standing in court.   As to him, the case is barren of evidence of damage done or threatened.   (2) If, in some unexplained manner, plaintiff has a standing in court to reform the release, he makes out no case under recognized heads. No fraud is proved; no mistake, mutual or otherwise.   The evidence is undisputed that he intended to give a release of any rights he then had, and that he would not have received his money without it.   (3) The release was not a proper subject for reformation at all. It could be used unjustly only to defeat a claim set up by a prior assignee to share in the Lord estate.   Nothing else is pretended. But how could it possibly effect such an end?   It released simply what plaintiff then had, and could release nothing else.   Prior rights remained unaffected.   And it did not in any way assume to do what was thus impossible.   (4) There was no justification for this action, and it proceeds upon a loose notion of the province of a court of equity.   What the plaintiff really wants is not a reformation of the instrument, but a judicial construction of its meaning. He thinks it means just what he wishes the court to say it means. It is to be reformed to mean this, if there is any doubt about it.   If there is no doubt, then he wants it to be so construed.   But, whether reformed or construed, he wants "certainty."   There is, as yet, no such head of equity.

As to the defendant Van Ness, the judgment appealed from should be modified so as to award him costs both of the trial and the appeal.   As to the defendant trustee, the judgment, so far as appealed from, should be reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.