GILBERT M. HUSTED, Respondent, *v.* EDWARD VAN NESS and DAVID THOMSON, as Trustee, etc., of BENJAMIN LORD, Deceased, Appellants.

*Reformation of a release — fraud or mistake is necessary to maintain it — equity jurisdiction — who is a party aggrieved and entitled to appeal — review of a denial of costs in an equity case to a successful defendant — Code of Civil Procedure,* § 1294.

Where no fraud is proved, nor any mistake, mutual or otherwise, no case is made for the reformation of a release.

Equity will not take cognizance of an action brought nominally to reform an instrument, but really to obtain a judicial construction which shall make its meaning certain.

Where an action is brought against a trustee and against his attorney, and the complaint makes serious allegations of misrepresentations by the attorney, and the complaint is dismissed as to him without costs, he is a party aggrieved, within the meaning of section 1294 of the Code of Civil Procedure, in that he has been denied costs.

The imposition of costs in equity actions is discretionary, but the discretion is not arbitrary, and, in a proper case, costs may be awarded to a defendant who has been denied them below although he succeeded in the action.

APPEAL by the defendants, Edward Van Ness and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 4th day of September, 1894, upon the decision of the court rendered after a trial at the New York Special Term, except in so far as the said judgment dismisses the complaint as to the defendant Van Ness.

*Louis A. Noble,* for the appellant Van Ness.

*George Putnam Smith,* for the appellant Thomson.

*A. Edward Woodruff* and *Jacob F. Miller*, for the respondent

BARRETT, J. :

The defendant Thomson is the substituted trustee of the estate of Benjamin Lord, deceased. His predecessor was Augustus Cruikshank, appointed by order of the court in 1883, who was the principal party in the transactions under review, and who was represented throughout them by the defendant Van Ness as his attorney. The plaintiff was a beneficiary of Benjamin Lord's estate, claiming a one-eleventh interest therein. On June 16, 1887, he gave to one Savage a power of attorney to act for him in the collection of this claim, and in the same instrument assigned to him fifty per cent of his interest as compensation for services. On September twenty-second following, Savage transferred all his interest thus acquired to Woodruff, the attorney for the plaintiff in this action. Judgment in an action brought by Cruikshank for the construction of his decedent's will was entered December 28, 1887, and plaintiff's interest was fixed at the one-eleventh claimed.

In the following year several claimants of the Husted interest appeared. On April 29, 1890, Cruikshank brought an interpleader suit to determine the titles of these various claimants. The day after the commencement of this latter action, the present plaintiff called upon the defendant Van Ness, and an agreement was made whereby he was paid for, and executed a release of, any interest which he still owned. The paper which he executed is the basis of the present controversy. It is entitled in an action pending against Cruikshank as trustee for an accounting, and recites a judgment in said action which fixed the balance due to the *cestuis que trust.* Then comes the statement that plaintiff, one of said *cestuis que trust,* " in consideration of the premises and the consideration of the payment to him of the sum of $4,757.09 by the defendant (Cruikshank), the same being one-half of one-eleventh of the said balance," releases and discharges the defendant (Cruikshank), as trustee, from all claims and demands whatsoever.

We are now in a position to understand, as far as may be, the present action. The complaint states the above facts, together with much that is immaterial, and makes the charge that the plaintiff was

doubly defrauded in the transaction set forth. *First*, in being induced, by misrepresentations on Van Ness' part as to the difficulty and expense of securing payment of his claim, to compromise and release his interest for less than its value ; and, *second*, in the procurement from him of a paper which, to quote from the complaint, " the said trustee's attorney and the said trustee have used and propose to use in an unconscionable manner." This unconscionable use consists, so the plaintiff alleges, in the claim said to be made by Cruikshank and Van Ness, that the release was of the whole original one-eleventh interest and not of the one-half thereof. The demand for relief is, that the release be canceled and the money paid thereon be adjudged to be a payment on account only, or that it be reformed so as clearly to state that it is for one-half of the plaintiff's original interest only, and that the defendants be enjoined from using it in any way as a release of the whole of said one-eleventh interest, or as proof of the release of the same.

The complaint is remarkable, the proof still more so. Plaintiff not only wholly failed, but hardly attempted, to prove fraud in the procurement of the release or an inequitable or unconscionable use of the same. The findings of the trial court negative, as the undisputed evidence rendered inevitable, the existence of either. The court, however, found : " That the said release in its present form is capable of being and has been used to the serious prejudice and injury and pecuniary loss and damage to the plaintiff." The judgment dismissed the complaint as to the defendant Van Ness, without costs, and directed the reformation of the release " so that the same shall be read and construed as being a release of but one-half of the one-eleventh share " owned by plaintiff, and enjoined the defendant Cruikshank from using or setting up in any way, whether in legal proceedings or otherwise, the said release as a general release of the entire said one-eleventh share.

The plaintiff raises the preliminary objection that the defendant Van Ness has not the right to appeal. It is said that he is not a party aggrieved under section 1294 of the Code of Civil Procedure, since the complaint was dismissed as to him, and the denial of costs violated no legal right. The objection is not well taken. While the imposition of costs in equity actions is discretionary, the discretion is not arbitrary. It is a judicial discretion, calling for the

sound judgment of the court upon all the facts and circumstances of the case. There is undoubtedly power in this court to review the judgment in that regard. Ordinarily the appellate court will not interfere with such discretion where there is a reasonable basis for its exercise. Here, however, we find nothing but unsupported charges of fraud. Mr. Van Ness has been compelled to rest under these charges until the trial, and to defend himself against them. It seems a poor measure of justice to dismiss such charges without awarding him even the meagre recompense which the law allows. The dismissal without costs would seem to indicate that, while the plaintiff failed to establish his charges, there was at least some slight basis for their assertion. Thus, Mr. Van Ness is wronged not only in pocket, for he has had to bear the expense of defending the action, but in reputation. The latter should not thus be left in doubt, for it is apparent that the charges were entirely wanton and gratuitous. Nor should the plaintiff be permitted to escape the ordinary consequences of making unfounded charges. Otherwise, there would be encouragement to slander under the protection of judicial proceedings. We think the judgment appealed from should be modified, as to the defendant Van Ness, by awarding to him costs of the trial and of the appeal.

As to the defendant trustee, the judgment should be reversed.

1. There was no proof of damage sustained by "or threatened to" the plaintiff on account of the form of the release. He had parted with all his rights and had no standing in court. As to him, the case is barren of evidence of damage done or threatened.

2. If, in some unexplained manner, plaintiff has a standing in court which would enable him to maintain an action to reform the release, he makes out no case under recognized heads. No fraud is proved, no mistake, mutual or otherwise. The evidence is undisputed that he intended to give a release of any rights which he then had, and that he would not have received his money unless he had given it.

3. The release is not a proper subject for reformation at all. It can be used unjustly, only to defeat a claim set up by a prior assignee, to share in the Lord estate. Nothing else is pretended. But how could it possibly effect such an end? It released simply what plaintiff then had, and could release nothing else. Prior rights,

remained unaffected.    And it did not in any way assume to do what was thus impossible.

4. There was no justification for this action, and it proceeds upon a loose notion of the province of a court of equity.    What the plaintiff really wants is not a reformation of the instrument, but a judicial construction of its meaning.    He thinks it means just what he wishes the court to say it means.    It is to be reformed to mean this, if there is any doubt about it.    If there is no doubt, then he wants it to be so construed.    But whether reformed or construed, he wants certainty.    There is as yet no such head of equity jurisprudence.

As to the defendant Van Ness, the judgment appealed from should be modified so as to award him costs both of the trial and the appeal; as to the defendant trustee, the judgment, so far as appealed from, should be reversed and a new trial ordered, with costs to appellant to abide the event.

Van Brunt, P. J., Williams and Patterson, JJ., concurred.

As to defendant Van Ness, judgment modified so as to award him costs both of the trial and the appeal.    As to the defendant trustee, judgment reversed and a new trial ordered, with costs to appellant to abide event.