ANNIE WEISMAN, Respondent, v. CONTINENTAL LIFE INSURANCE COMPANY, a Corporation, Appellant.*

St. Louis Court of Appeals. Opinion Filed October 7, 1924.

1. **INSURANCE: LIFE INSURANCE:** Application Part of Contract and Policy: Construction: Construed Together: Both Given Effect When Possible. Where, by the terms of the policy, the application for insurance forms a part of the contract itself, the two instruments must be construed together for the purpose of determining the intention of the parties, and both should be given effect, if possible, by any reasonable construction.

2. **CONTRACTS:** Construction: "Or" May be Read as "And" and Vice Versa When Necessary to Harmonize Provisions. It is also a rule of interpretation of contracts that the word "or" may be read as "and," and vice versa, as the necessity of harmonizing the provisions may require, in order to effectuate the evident intention of the parties, as gathered from all parts of the instrument.

3. **INSURANCE:** Life Insurance: Construction: Word "Or" in Policy Construed as "And." Where the application for an insurance policy, which was expressly made a part of the policy, provided that the policy should not be in force if insured was not in good health when the policy was delivered, and a clause of the policy provided that the policy should not take effect unless the first premium thereon had been paid and the policy delivered to the ap-

---

(1) Life Insurance, 25 Cyc, p. 745; (2) Contracts, 13 C. J., Section 489; (3) Life Insurance, 25 Cyc., p. 745;

(13)

Weisman v. Continental Life Ins. Co.

plicant within thirty days from the date thereof, or unless the applicant was in good health at the time of its delivery, *held* that the policy must be construed as if the conjunctive word "and" were substituted for the disjunctive "or" in said clause, *in order to* establish a sense consistent with the clause in the application, and consonant with the plain intent of the parties, as gathered from the whole instrument.

4. ——: ——: Policy: *Condition as to Good Health: Waiver: Jury Question.* Whether an insurance company waived the requirement that the insured be in good health when the policy was delivered, by delivering the policy and accepting the premium, with knowledge that insured was not in good health, *held,* the question of waiver, if an issue in the case, was for the jury to determine, and not the court.

5. ——: ——: ——: Delivered at Assured's Office in his Absence: Consummated Without Further Assent of Assured. Where an insurance policy was delivered in conformity with the application, the contract when delivered at assured's office, in his absence, was consummated without any further assent on the part of the assured.

6. APPELLATE PRACTICE: Action Tried on Erroneous Theory: Evidence Adduced by Plaintiff Tending to Show Liability: Case Not Reversed Outright But Reversed and Remanded for New Trial. Where a case was tried on the erroneous theory that a life insurance policy was binding, irrespective of whether the assured was in good health at the time the policy was delivered, and it appears that there was evidence adduced at the trial tending to prove that the insurance company, with knowledge that the assured was not in good health, delivered the policy and accepted the premium, the judgment for assured should not be reversed outright, but the same should be reversed and remanded for a new trial.

(4) Life Insurance, 25 Cyc, p. 948; (5) Life Insurance, 25 Cyc, p. 718 (1926 Anno); (6) Appeals & Errors, 4 C. J., Section 1201.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm,* Judge.

REVERSED AND REMANDED.

*Charles G. Revelle* and *S. C. Rogers* for appellant.

*Bishop & Claiborne* and *Rowland L. Johnston* for respondent.

BRUERE, C.—This is an action upon a life insurance policy, issued by the defendant on the life of plaintiff's husband, Samuel Weisman, in which plaintiff was named as beneficiary. There was a verdict and judgment for the plaintiff for the full amount of the policy, together with ten per cent damages, for vexatious refusal to pay said policy, and eight hundred dollars attorney's fees, and defendant has appealed.

The petition is in the conventional form. The defendant, in its answer, admitted the execution of the policy and the death of the insured, but denied that it delivered the policy to Samuel Weisman, or that Samuel Weisman paid to defendant, or any person for it, the premium of two hundred eighteen dollars and thirty-four cents mentioned in the petition.

The defendant further pleaded that on the 8th day of April, 1920, the assured made a written application for insurance to the defendant, then known as Pioneer Life Insurance Company of America, and that said application contained the following stipulation:

"I hereby agree . . . that the company shall incur no liability until this application has been approved and policy issued thereon by the company and actually delivered to me and the first premium required therein paid to the company during my lifetime and while in *good health* and that delivery to the company's agent shall not be construed as delivery to me." (Italics ours.)

The answer also alleged that on the 14th day of April, 1920, defendant approved said application and executed on that date, its said policy of insurance; and that said policy contained, amongst others, the following provisions:

"Insurance Takes Effect. This policy shall not take effect unless the first premium hereon has been paid and this policy delivered to the applicant within thirty

(30) days from date hereof, *or unless the applicant is in good health at the time of its delivery.*'' (Italics ours.)

"This policy and the application therefor constitute the entire contract."

The answer further alleged that after the execution of said policy and before the delivery thereof, and on the 6th day of May, 1920, the assured became seriously ill and afflicted with cerebral hemorrhage; that said illness and affliction caused his death on the 21st day of May, 1920; that the assured was not in good health from the 6th day of May, 1920 until the 21st day of May, 1920, but was seriously and fatally afflicted; that the plaintiff knew of said affliction and that the assured was not in good health, but for the purpose of wronging, cheating and defrauding defendant caused knowledge of said infirmity and illness to be kept from defendant and its agents; that on the 13th day of May, 1920, the defendant, through its agent, relying upon the provisions of said policy and the application thereof, to the effect that said policy would not become effective unless delivered while the assured was in good health, undertook to deliver said policy to the assured through its agent; that said agent was informed by the agent of plaintiff and the assured that the assured was out of the city of St. Louis on business; that said agent, acting for the assured and for the plaintiff, by said representations induced defendant, through its agent, to leave said policy with said agent and that thereafter said agent paid the premium on said policy; that the said statements of the said agent of the plaintiff and the assured were false and untrue; that they were made for the purpose of deceiving the defendant in relation to said policy and for the purpose of securing delivery thereof; that said policy of insurance was never in force and effect and that plaintiff never became entitled to any benefits thereunder.

The answer further alleged that the plaintiff was estopped to prosecute her claim for the reason that plaintiff in her proofs of death, furnished to defendant, stated

that the assured was sick and afflicted from and after the 6th day of May, 1920, until his death on the 21st day of May, 1920; and that, according to said admission to defendant, said policy was not in force and of effect at the time of its delivery to the assured, if delivered, on account of the terms thereof and of the application that was a part thereof.

The reply put in issue the new matter set up in the answer.

The facts in the case are briefly as follows: On April 8, 1920, the assured made a written application to the defendant company, then known as the Pioneer Life Insurance Company of America, for the policy in question. The application contained the stipulation set up in the answer. The policy was issued May 10, 1920, by the defendant insurance company for forty-five hundred dollars, and contained the provisions alleged in the answer. On May 13, 1920, defendant's agent, Herman L. Weiss, went to the assured's place of business and delivered the policy to Heyman Weisman, assured's agent and clerk, and received from him a check, signed by the assured, for the first premium of two hundred eighteen dollars and thirty-four cents, due on the policy in question.

It further appears, according to the evidence adduced by the plaintiff, that when, on May 13, 1920, defendant's agent, Herman L. Weiss, appeared at deceased's place of business to deliver the policy he was told by Mr. Heyman C. Weisman, before the policy was delivered, that the assured was at home not feeling well. This evidence was contradicted by Mr. Weiss, who testified that Heyman C. Weisman informed him, at the time the policy was delivered, that the assured was out of the city on business.

The defendant adduced evidence tending to show that on May 6, 1920, the assured had fallen, in the bathroom of his home, and struck his head against a radi-

216 M. A.—2

ator, and that this caused cerebral hemorrhage and his death on May 21, 1920.

At the conclusion of the trial the court gave a peremptory instruction of its own motion to the jury to find for plaintiff. In said instruction the court charged the jury, *inter alia,* as follows:

"And in this case the court instructs you further that the provision in this policy which has hereinbefore been read to you means that the policy shall not take effect unless the premium has been paid and the policy delivered to the applicant within thirty days from the date thereof; that is to say, thirty days from May 10, 1920, or if delivered after thirty days from its date then it must be delivered to the applicant while in good health. Here it was delivered to the applicant within thirty days after its date, and therefore it is binding upon the defendant, irrespective of whether applicant was in good health at the time or not. . . . "

Counsel for defendant ask a reversal of the judgment herein because of the giving of said instruction. The theory of the court, as expressed in said instruction, was that there was a conflict between the provisions of the application and the policy; that, therefore, the provision in the policy prevailed over that in the application; that the provision in the policy was obscure and ambiguous and susceptible of being understood in two different senses and that, therefore, that construction most favorable to the assured must be adopted.

We cannot bring ourselves to subscribe to said theory and holding of the learned trial judge. It is a fundamental rule in the construction of contracts, including contracts of insurance, that the court must give the instrument under consideration a reasonable interpretation and adopt the construction that is consonant with the apparent object and plain intent of the parties as gathered from the whole instrument. By the terms of the policy, the application for insurance forms a part of the contract itself. The two instruments must,

therefore, be considered together for the purpose of determining the intention of the parties, and both should be given effect, if possible by any reasonable construction. The clause in the application should not be construed as wholly repugnant, to the rest of the policy, unless irreconcilable with the manifest intention of the parties as ascertained upon a consideraton of the whole instrument.

Another rule of interpretation may be well used here, which is that the word "or" may be read as "and" and *vice versa* as the necessity of harmonizing the provisions may require and in order to effectuate the evident intention of the parties as gathered from all parts of the instrument. [Bishop on Contracts (2 Ed.), sec. 383; 2 Parsons on Contracts (9 Ed.), sec. 495; 1 Story on Contracts, secs. 773, 774; 2 Sutherland on Statutory Construction, sec. 397; 6 Words & Phrases, p. 5002; Endlich on Interpretation of Statutes, sec. 303; James Auditor, etc., v. U. S. Fidelity & Guaranty Co., 133 Ky. 299; Bettman v. Harness, 26 S. E. 272, l. c. 275; Kennedy v. Haskell, 73 Pac. 913, l. c. 914; Mason v. Dayton, 153 Fed. 258, l. c. 269; Thomas v. Grand Junction, 13 Colo. 80, l. c. 84; State v. Hooker, 98 Pac. 964, l. c. 972.]

It will be observed that the entire difficulty grows out of the use of the word "or" instead of "and" in the clause of the policy in question. It is apparent that in the clause in the application, which is expressly made a part of the policy, the parties intended that the policy should not be in force in the event the assured was not in good health at the time the policy was delivered to him. In considering the clause in the policy in connection with the clause in the application, and giving it a reasonable rather than a critical or technical interpretation, it is obvious to us that the word "or" in said clause was used by the parties in its copulative and not in its disjunctive sense. If we read the word "or," in the said clause in the policy, as "and" we will establish

a sense consistent with the clause in the application and will adopt the construction that is, we think, consonant with the plain intent of the parties as gathered from the whole instrument. We hold that the clause in the policy must be construed as if the conjunctive word "and" were substituted for the disjunctive "or" in said clause, and that the giving of the peremptory instruction was reversible error.

Learned counsel for plaintiff contend that the evidence discloses that the defendant, with knowledge that the insured was not in good health, delivered the policy and accepted the premium, and that it thereby waived the condition as to good health. A sufficient answer to this contention is that the question of waiver, if it be an issue in this case, was for a jury to determine and not the court.

It is urged by counsel for the defendant that there was no meeting of the minds of the parties, and, therefore, no valid delivery of the policy. In support of this contention counsel argue that the policy was not issued in conformity to the application; that there was no acceptance thereof by the assured, and that, therefore, the policy never became binding. This contention is based on a false premise. The record herein discloses that the policy was issued in conformity to the application. Therefore, the contract when delivered was consummated without any further assent on the part of the assured. [Prindle v. Fidelity and Casualty Co., 233 S. W. 252, and cases cited.]

It is further urged, by counsel for the defendant, that the proofs of death furnished by the plaintiff show that the cause of death of the assured was cerebral hemorrhage, and that he suffered from this affliction from May 6, 1920, until the day of his death on May 21, 1920; that said proofs of death were uncontradicted and unexplained and that, therefore, this case should be reversed without remanding.

In view of the fact that this case was tried on the erroneous theory that the policy was binding irrespec-

tive of whether the assured was in good health at the time the policy was delivered, and inasmuch as there was evidence adduced at the trial tending to prove that the defendant, with knowledge that the assured was not in good health, delivered the policy and accepted the premium, we do not think that this case should be reversed outright, but that the same should be reversed and remanded for a new trial; and the commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly reversed, and the cause remanded for a new trial. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.