Ernest E. BAILEY (Plaintiff), Respondent,

v.

Roxanna BAILEY (Defendant), Appellant.

No. 30029.

St. Louis Court of Appeals.

Missouri.

Nov. 5, 1958.

Motion for Rehearing or to Transfer to Supreme Court Denied, Dec. 8, 1958.

Joseph Langworthy, Pacific, for appellant.

Frank W. Jenny, James A. Cole, Union, for respondent.

RUDDY, Presiding Judge.

This appeal is related to another appeal just decided by this court. See Bailey v. Bailey, Mo.App., 317 S.W.2d 630. The motion referred to in the notice of appeal in the instant matter defies concise description. Therefore, we quote from the notice which states that the appeal was taken "from the Order overruling Counts 3 and 4 of Defendant's Motion for Corrections of Transcript of Record, for Correction of Judgment, and For Extension of Time For Filing Transcript on Appeal and Transference of Action, sustaining Plaintiff's Motion to Dismiss, and dismissing Defendant's Petition with prejudice entered in this action on the 6th day of August, 1957."

The case out of which this appeal arises has been described in our opinion in cause number 29877. For a full description of the facts the reader is referred to that opinion. Not found in that opinion are some facts pertinent to this appeal which we will recite.

The judgment in the original action was entered by the court on the 19th day of

March 1957. In that judgment the court found that plaintiff and defendant were not innocent and injured parties; that plaintiff was not entitled to a divorce; that defendant was not entitled to separate maintenance and the court adjudged and decreed that plaintiff's petition for divorce and defendant's cross bill for separate maintenance be dismissed. The judgment also ordered the plaintiff to pay the attorney for the defendant "an additional sum of Fifty ($50.00) Dollars attorney's fee." On March 29, 1957, defendant filed her "Motion for entry of a new judgment, or for a new trial." On May 14, 1957, the trial court overruled said motion. An appeal was taken on the same day by the defendant from that part of the judgment dismissing her cross bill for separate maintenance. The transcript of the record on appeal was approved by the attorneys for the plaintiff and the attorney for the defendant on June 27, 1957. It was filed in this court on August 9, 1957. The motion described in the notice of appeal in the instant matter was filed July 24, 1957, and was heard and overruled by the court on August 6, 1957. A timely motion for new trial was filed and overruled.

The motion that forms the subject matter of this appeal was in four counts. Defendant dismissed Counts I and II. Count III asked for correction of the judgment in the separate maintenance action "to conform with the minute entry of the Court and statements of the Court at the time of the judgment." The minute entry as set out in Count III of the motion is as follows: "Cause heard. Plaintiff's Petition dismissed. Defendant's Answer and Cross-Claim for Separate Maintenance dismissed. Plaintiff ordered to pay Defendant's Attorney, Joseph Langworthy, an additional $50.00 attorney's fee and pay costs of this action." In Count IV defendant asked for an extension of time "for filing the transcript on appeal and transferring the action to the Appellate Court."

Plaintiff takes the position that this motion was filed out of time and that the trial court had no jurisdiction "to alter judgment" entered March 19, 1957, from which an appeal had been taken. Although defendant does not describe Count III as a nunc pro tunc proceeding, we so construe it. This count asks for a correction of the judgment to conform to the trial court's minute. The trial court had jurisdiction to correct its record in a nunc pro tunc proceeding after an appeal had been taken. Abbott v. Seamon, Mo.App., 217 S.W.2d 580; Vaughn v. Kansas City Gas Co., 236 Mo.App. 669, 159 S.W.2d 690.

In the first point relied on by defendant she contends the trial court was in error "in that the Court prejudged the motion." We find no foundation in the record before us for this contention. It is ruled against defendant.

In another point defendant asserts that the "Court erred in refusing to allow a full and complete record of the proceedings to be made." At the beginning of the hearing on the motion the trial court informed counsel for the defendant as follows: "The argument of counsel on this motion will not be taken down unless you give to the Court a good reason for it." Thereafter, counsel for the defendant informed the court that he did not intend to make any argument. However, the Court did inform counsel for the defendant that "You may argue your motion, if you wish." In connection with this point relied on by defendant she complains that the court refused to hear either evidence or argument on the matters presented by the motion. The record shows the court did not refuse to hear argument but merely informed counsel that the argument would not "be taken down" by the reporter unless a good reason was offered by counsel. There was no refusal to hear argument. However, this is not to hold that if the court refused to hear argument it would be error. In connection with the alleged re-

fusal of the court to hear evidence the record indicates the following took place. At the beginning of the hearing counsel for the plaintiff objected to the motion "on the ground that the motion is filed out of time, the record is complete, and the venue is now in the St. Louis Court of Appeals, where the case is now lodged." This objection was sustained by the court. Thereafter, counsel for defendant informed the Court that "on Count III defendant would like to be heard and also to offer evidence on this point." The court then said "that offer of proof will be denied." Construing Count III as a nunc pro tunc proceeding, which we do, we think the Court had jurisdiction of the matter contained in this count. However, we need not concern ourselves with the correctness of the trial court's action in denying defendant's offer of evidence. A reading of Count III in the motion shows that defendant was not entitled to have the judgment corrected. The allegations in this count show the judgment is consistent with the minute entry made by the Court and needs no correction. The allegation of the motion wherein defendant relies on statements made by the court at the time of the entry of judgment is not capable of proof. Such proof would call for parol evidence. It was held in E. C. Robinson Lumber Co. v. Hazel, Mo.App., 271 S.W. 2d 610, that no nunc pro tunc order can be made on parol evidence. To the same effect see Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62. We rule that Count III shows on its face that the judgment sought to be corrected is consistent with the minutes of the Court recited therein and that said Count shows that defendant is not entitled to the correction sought.

The remaining points asserted by defendant are devoted to the contention that she was denied the right to present either argument or evidence in support of the motion. These points have been sufficiently covered in what we have said before. They are ruled against defendant. What we have said above only concerns Count III. As to Count IV defendant submitted it without evidence or argument. As pointed out, this count asked for an extension of time "for filing the transcript." The ground given was the need for the correction of the judgment as requested in Count III. We need not rule on defendant's right to file such motion. The request made in Count IV is now moot in view of our ruling on Count III. The transcript was filed in our cause number 29877 and the appeal in that cause has been decided.

We find no error in the judgment. It is affirmed.

ANDERSON, J., and JOHN K. REGAN, Special Judge, concur.