James Alexander JONES and Joan Marie
Jones, Respondents,

v.

**HAINES, HODGES & JONES BUILDING
AND DEVELOPMENT CO., Appellant.**

No. 23835.

Kansas City Court of Appeals.

Missouri.

Oct. 7, 1963.

John F. Thice and Gilbert R. Titus, Independence, for appellant.

Reginald A. Smith, Independence, for respondents.

HUNTER, Judge.

Appellant-defendant, Haines, Hodges & Jones Building and Development Company, has appealed from an adverse judgment of the Circuit Court of Jackson County at Independence, declaring the rights of the parties under a restrictive covenant and permanently enjoining a threatened violation.

The sole contention of error is that the trial court misconstrued one of the covenant restrictions.

In 1951 John Herbert Whitehead and his wife placed of record a plat of Whitehead Heights, a subdivision in Jackson County, Missouri. This subdivision consists of 12 lots, all of which are 200 feet deep and face north along 39th Street. Lot 1 is 120 feet wide and Lot 12 is 117.25 feet wide. Each of the other ten lots is 100 feet wide. There is a building setback line 50 feet from the south edge of 39th Street and a utility easement over the south 10 feet on all 12 lots.

In 1952 the Whiteheads placed of record certain restrictions to run with the land. The one here in controversy reads:

"No residential structure shall be erected or placed on any building plot, which plot has an area of less than 20,000 square feet *or* a width of less than 100 feet at the front building setback line." (Italics ours.)

In 1957 plaintiffs, James Alexander Jones and Joan Marie Jones, acquired ownership of Lot 11 subject to restrictions of record. At that time ranch type homes had been erected on 8 of the 12 lots, and plaintiffs then built and occupied a similar home on Lot 11. Shortly thereafter a ranch type home was built on another of the lots, leaving only two lots, including Lot 12, vacant.

On March 30, 1959, the Whiteheads conveyed to defendant ownership of Lot 12 subject to restrictions of record. On June 4, 1959, defendant placed of record a plat including resubdividing Lot 12 by dividing that lot into two plots, each 100 feet north and south by 117.25 feet east and west and by changing a part of the building setback line on the west side and adding a 15 foot sewer easement. Defendant informed plaintiffs it intended to build two houses on Lot 12.

Plaintiffs filed suit asking for a declaratory judgment, declaring the restrictive covenant valid and seeking an injunction of the proposed house construction. The trial court ruled favorably to plaintiff, declared the proposed buildings being built on a plot of less than 20,000 square feet to be in violation of the restrictive covenant and issued the requested injunction. This appeal followed.

Defendant contends the word "or" used in the restrictive covenant is used in the disjunctive and as so used permits the owner of a lot "to utilize the property in one of two ways, either by building a house on one of the lots if it had 20,000 square feet 'or' if there was not 20,000 square feet, then the lot would have to be 100 feet wide at the front building setback line." Plaintiff and the trial court construe the covenant to mean that any of the lots to be built on must meet *both* restrictions, namely, contain at least 20,000 square feet and also have a width of at least 100 feet at the front building setback line.

The fundamental rule in construing restrictive covenants is that the intention of the restrictor as shown by the written instrument governs. An aiding principle is that, subject to the fundamental rule, re-

**344**

strictive covenants are strictly construed in favor of free use of property. Wilson v. Owen, Mo.Sup., 261 S.W.2d 19.

■■ The principle that restrictions as to the use of real estate should be strictly construed and doubts resolved in favor of the free use of property should never be applied in such a way as to defeat the plain and obvious purpose of the restriction. Absurd interpretations are always to be avoided.

■ As we view the restriction it plainly means that no residential structure shall be erected on a plot which has either an area of less than 20,000 square feet or a width of less than 100 feet. Or differently stated, if the plot does not have 20,000 or more square feet *and* a width of 100 or more feet at the front building setback line no house can be erected on it. This is the clear meaning of the words used.

■ Our view of the restriction is fully supported by the original subdivision plat to which the restrictive covenant applies. This plat evidences a uniform plan for development. Every lot from 1 through 12 had a 200 foot length, with a utility easement for water, gas, sewer pipes, poles, wires and anchors across the back of each lot. Every lot on its front had a "building limit line" parallel to 39th Street. It it apparent from the position of the setback lines, the utility easement and the way the other houses were intended to, and did, face 39th Street that it was also contemplated that any house built on Lot 12 should likewise face 39th Street. Here, to divide Lot 12 into two parts, each part not having the prescribed square feet and width with one of the proposed houses not facing 39th Street is obviously not in accord with the intent of the restrictive covenant and the subdivision plat.

■ Appellant cites several cases to the general effect that the word "or" as used in a particular context is a disjunctive and means an alternative; that is, that you may make a choice. However, as earlier noted,

it is the intention expressed in the covenant read as an entirety that controls, and there are many cases in which our Supreme Court has ruled that the word "or" does not provide an alternative but partakes of the sense of "and" or "and also". See, Ex parte Lockhart, en Banc, 350 Mo. 1220, 171 S.W. 2d 660, 666; State v. Bradley, 352 Mo. 780, 179 S.W.2d 98, 100; State ex rel. Stinger v. Krueger, 280 Mo. 293, 217 S.W. 310, 315; Mott v. Kansas City, Mo.App., 60 S.W.2d 736, 741.

The judgment is affirmed.

All concurring, including HIGGINS, Special Judge.