(No. 20383.—

THE BOARD OF EDUCATION OF EARLVILLE COMMUNITY HIGH SCHOOL DISTRICT No. 380, Appellee, *vs.* THE BOARD OF EDUCATION OF NON-HIGH SCHOOL DISTRICT OF LASALLE COUNTY, Appellant.

*Opinion filed April 23, 1931.*

Hibbs & Pool, for appellant.

Wiley & Wiley, for appellee.

Mr. Justice DeYoung delivered the opinion of the court:

The Board of Education of Earlville Community High School District No. 380, in LaSalle county, brought suit in assumpsit in the circuit court of that county against the Board of Education of the Non-High School District of LaSalle county, and, upon a trial without a jury, recovered judgment for $1158.70 and costs. The defendant prosecuted an appeal to the Appellate Court for the Second District and that court affirmed the judgment. A certificate of importance was granted by the Appellate Court and the defendant has taken a further appeal to this court.

The suit was instituted to recover a portion, alleged as remaining unpaid, of the tuition of pupils who attended the Earlville Community High School but resided in the Non-High School District of LaSalle county during the school years 1925-1926 and 1926-1927. The defendant pleaded the general issue. Pursuant to the circuit court's order, based upon the defendant's motion, the plaintiff filed a bill of particulars. From this bill it appears that for the school year 1925-1926, the plaintiff's total expenditures amounted to $14,405; that one of the items included in this total was

"Text books, stationery and supplies, $1149;" that the average number of pupils, including twelve residing in the defendant's district, was 115, making the per capita cost $125.26; that the plaintiff's claim for tuition for the year 1925-1926 amounted to $1336.10, of which the defendant had paid $1173, leaving an indebtedness still owing the plaintiff, for the particular year, of $163.10. The bill of particulars further shows that for the school year 1926-1927, the plaintiff's total expenditures aggregated $23,079; that among the items included in this total were "Text books, stationery and supplies, $1193; fuel, water, light and janitor's supplies, $1463; maintenance and repairs, $1330; depreciation and use of school building, $3500; libraries and promotion of health, $469, and movable equipment and apparatus not fastened to building, $2194.69;" that the average number of pupils, including thirteen, residing in the defendant's district, was 110, making the per capita tax cost $209.80; that the plaintiff's claim for tuition for the year 1926-1927 amounted to $2727.40, of which the defendant had paid $1430, leaving an indebtedness from the defendant to the plaintiff, for the year, of $1297.40.

The evidence discloses that, of the items set forth in the bill of particulars, text books, stationery and supplies; fuel, water, light and janitor's supplies; libraries and promotion of health and movable equipment and apparatus not fastened to building include certain things which have a usable value beyond the period of one year; that the item for maintenance and repairs includes the premium, at the annual rate, for insurance on the school building, although the appellee by the payment in advance of a sum equal to four annual premiums obtained a policy for a five year term, and that the use and depreciation of the school building were equal, each constituting one-half of the sum charged therefor in the bill of particulars.

The appellant's contentions for a reversal of the judgment are, first, that articles having a usable value for a

period in excess of one year partake of the nature of permanent equipment and for that reason their cost cannot be included in the computation of the per capita cost of conducting and maintaining the high school for any particular year; second, that the appellant is only required to pay its proportionate share of the money actually expended to obtain insurance during the year for which the computation is made, and third, that the appellee is not entitled to include in that computation both a charge for the use and the depreciation of the school building.

Section 96 of the act entitled "An act to establish and maintain a system of free schools," as it read prior to July 1, 1927, (Cahill's Stat. 1925, p. 2169; Smith's Stat. 1925, p. 2319), provided that "Any eighth grade graduate residing in a non-high school district may attend any recognized two, three or four year high school, and his tuition shall be paid by the board of education of the non-high school district in which he resides." The section further provided that "The tuition paid shall in no case exceed the per capita cost of maintaining the high school attended, excluding therefrom interest paid on bonded indebtedness which shall be computed by dividing the total cost of conducting and maintaining said high school by the average number of pupils enrolled, including tuition pupils." In computing the tuition which the board of education of a non-high school district is required to pay for the attendance of its resident eighth grade graduates at a recognized high school, interest on bonded indebtedness is, by the statute, expressly excluded from the cost of conducting and maintaining the high school. It appears that it was the legislative intent that such cost should be based upon and determined by two elements,—first, the expense of conducting or operating the school, and second, the maintenance of the school property.

By its first contention, the appellant objects to the following items included in the cost of conducting and maintaining the high school of the appellee: For the school years

1925-1926 and 1926-1927, text books, stationery and supplies, $227.17 and $218.18 respectively; for the school year 1926-1927, fuel, water, light and janitor's supplies, $40.40; libraries and promotion of health, $53, and movable apparatus and equipment not fastened to building, $642.13. The period of time during which many of such chattels will last cannot be determined, and the appellee did not treat them as a part of the permanent equipment. Books, chairs, typewriters and apparatus of various kinds may not be worn out, and stationery and supplies, if bought in large quantities, may not be wholly exhausted within a particular year. During the same year, however, other like chattels become useless and supplies not currently purchased are used and their cost is not taken into account at the time. Such purchases of particular things, although made in certain instances less often than once a year may properly be regarded as replacements and the evidence shows that the expenditures therefor are, speaking generally, substantially the same from year to year. An absolutely accurate distribution of the cost of conducting and maintaining a high school between successive years cannot be made and the circuit court did not err in allowing the foregoing items as parts of such cost for the school years in question.

The appellee obtained insurance in the school year 1926-1927 for the term of five years by the payment of $1236.31. This sum was equal to four annual premiums, and hence the appellee, by the payment of the whole sum in advance, effected a saving of the cost of the insurance for one year. The trial court allowed as an item in the cost of conducting and maintaining the high school of the appellee, for the year 1926-1927, the premium at the annual rate. Actual cost is the basis prescribed by the statute upon which the tuition must be computed and cognizance is not taken of the loss of interest upon the additional premium which the appellee advanced. The appellant was therefore entitled to a proportionate reduction in the item for insurance. For the

school year 1926-1927, that item should have been one-fifth instead of one-fourth of the whole premium paid by the appellee.

The high school building of the appellee was built in 1926. Its cost, including equipment, was $74,775.02. In computing the cost of maintenance for the school year 1926-1927, the appellee claimed and the trial court allowed an item of $3500 for use and depreciation of the school building. Of this item, one-half was for use and the other one-half for depreciation, each being computed at two and one-half per cent on a valuation of $70,000. The per capita cost of conducting and maintaining the high school attended by residents of a non-high school district is the maximum tuition which the statute requires the board of education of the non-high school district to pay. The appellee owned the school building, and from the exclusion, by the statute, of interest on bonded indebtedness, the implication follows that, in ascertaining the cost of conducting and maintaining the high school, a charge for the use of the building may not be made. To maintain means to hold or keep in a particular state or condition, especially in a state of efficiency or validity; to support, sustain, or uphold; to keep up; not to suffer to fail or decline. (Webster's New Int. Dict.) The maintenance of a high school building does not, under section 96 of the School law, authorize a positive charge for the use of the building in computing the tuition to be paid for the pupils attending the high school from a non-high school district. Accordingly, as against the appellant, the sum of $1750 for the use of the building should have been omitted from the cost of conducting and maintaining the high school of the appellee for the year 1926-1927.

The appellant concedes that depreciation is a proper item in determining the cost of maintaining a high school building but insists that the rate charged in the present case was excessive and that it should be reduced to one and one-half per cent of the valuation placed upon the building.

This contention raises a question of fact which was determined by the circuit court and its judgment was affirmed by the Appellate Court. Further inquiry is precluded by section 122 of the Practice act.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court with directions to proceed in conformity with this opinion.

*Reversed and remanded, with directions.*