(No. 21847.—

THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA, Appellant, *vs.* LEO H. LOWE, Director of Trade and Commerce, *et al.* Appellees.

*Opinion filed December 22, 1933.*

EKERN & MEYERS, (WILLIAM E. MOONEY, and LUTHER F. BINKLEY, of counsel,) for appellant.

OTTO KERNER, Attorney General, (B. L. CATRON, of counsel,) for appellees.

Mr. JUSTICE HERRICK delivered the opinion of the court:

The appellant (hereinafter called the complainant) filed its bill in equity in the Sangamon circuit court to restrain the appellees, (hereinafter called the defendants,) Leo H.

Lowe, as Director of Trade and Commerce, and Edward J. Barrett, as State Treasurer, from paying into the State treasury the sum of $676.84, which sum represents certain contested taxes paid under protest by the complainant to the defendant Lowe. A temporary injunction was issued as prayed in the bill. The defendants demurred to the bill. Upon a hearing in the circuit court the demurrer was sustained by the court and a decree entered dismissing the bill for want of equity. From that decree this appeal is prosecuted.

The issues in the case are the construction of what is commonly called the Insurance Retaliatory Tax act, and whether or not the construction as applied to the collection of the tax from the complainant is violative of the constitution.

The complainant is an insurance corporation organized under the laws of the State of California for the transaction of life and accident insurance and has been admitted and licensed in this State as a foreign insurance company. It made its return in compliance with the Insurance act to the Department of Trade and Commerce for the fiscal year ending December 31, 1931. The Department of Trade and Commerce extended a tax under the statute at the rate of 2.60 per cent on the gross amount of annual premiums received by the complainant from business done in the State of Illinois for the year 1931, less the deductions permitted by the statute. Cahill's Stat. 1933, chap. 73, sec. 2, p. 1601; Smith's Stat. 1933, chap. 73, sec. 2, p. 1625.

Section 1 of the Insurance act pertaining to the taxation of non-resident insurance companies, (Cahill's Stat. 1933, p. 1601; Smith's Stat. 1933, p. 1625;) provides, in substance, that each non-resident corporation licensed to do insurance business in the State of Illinois shall, except as by said act otherwise .provided, pay an annual tax to the State for the privilege of doing an insurance business in

this State equal to two per cent on the gross amount of premiums received during the preceding calendar year on contracts covering risks within this State. Certain deductions are permitted by the act which are not pertinent to the issues here. Section 2 of the act provides that if the laws of another State or territory shall require of insurance corporations, companies or associations organized under the laws of this State and doing business in such other State or territory, payments for taxes, fines, penalties, certificates of authority, license fees or otherwise on a basis or rate which will produce amounts greater than would be produced by the application of the basis or the rate provided for herein and by any other laws of this State, then and in every such case insurance corporations, companies and associations of such State or territory, when admitted and licensed to do an insurance business in this State, shall be required to pay for such privilege on the same basis or rate as is imposed by the laws of such State or territory upon similar insurance companies, corporations and associations organized under the laws of this State. In the imposition of any privilege tax under this section all the provisions of the act, so far as applicable, shall be observed.

The laws of California relating to the imposing of a tax on insurance companies impose a tax of 2.60 per cent on gross premiums, subject to certain deductions which are not in controversy here, and provide that the tax may be paid in two installments: one-half on the first Monday of July following the end of the fiscal year for which the tax is payable and the other one-half on the first Monday of the following February. (Deering's Political Code, secs. 3664b, 3668b.) Under section 3668b of the California code it is provided that the one-half of the tax due and payable on the first Monday in July shall become delinquent on the sixth Monday thereafter, and unless paid prior to that date a penalty of fifteen per cent shall be added, and unless paid prior to the first Monday in February an addi-

tional penalty of five per cent shall be added. As to the installment due on the first Monday of February it is provided that in the event that installment becomes delinquent five per cent is to be added to the amount thereof. Under the provisions of the Illinois statute the tax shall be paid on or before the 31st day of July. If not paid and the tax becomes delinquent there shall be added a penalty of five per cent for each month thereafter until paid.

It is the contention of the complainant that it be permitted to pay the tax assessed against it in two equal installments on the dates provided by the California statute, or, in the event the entire tax is paid on or before the 31st day of July, that it be entitled to a discount on one-half of the tax, computed at the rate of six per cent until the first Monday in February following. This amount is represented by the sum of $676.84. On the part of the defendants it is contended that the complainant is not entitled to any discount, nor is it entitled to pay its tax in two installments in conformity with the California code.

The complainant further contends that to apply section 2 of the Illinois act literally to the complainant doing business here gives this section an unconstitutional result because of the two payments permitted by the California act. In support of its contention the complainant relies chiefly upon the case of *Pacific Mutual Life Ins. Co.* v. *Washington,* 161 Wash. 135, 296 Pac. 813. The State of Washington has a retaliatory statute, as follows: "If, by the laws of any other State, any taxes, fines, penalties, licenses, fees, deposits or other obligations or prohibitions, in the aggregate, additional to or in excess of those imposed by the laws of this State, upon foreign insurance companies and their agents and solicitors, are imposed on insurance companies of this State, and their agents doing business in such State, like obligations and prohibitions shall be imposed upon all insurance companies of such State and

their agents doing business in this State, so long as such laws remain in force." (Rem. Comp. Stat. sec. 7092.)

The insurance statute of the State of Washington provides for an annual tax of 2.25 per cent on gross premiums received. Under the laws of the State of Washington the tax is due on or before March 30. The insurance commissioner of the State of Washington levied a tax at the rate of 2.60 per cent under the provisions of the Washington retaliatory statute. The insurance company there, and which is the same complainant in this case, protested the sum of $396.94 and then brought suit to recover that amount so paid under protest. The contention in that case was that the insurance commissioner might assess a tax at the rate of 2.60 per cent and by executive order provide that the tax should be paid on the dates provided by the California code, or, in the alternative, the commissioner might assess upon such gross premiums a 2.60 per cent tax and require payment thereof at the time provided by the Washington code, but if he adopted the latter plan he must offset a reasonable discount based on the value of the use of the money for the additional time allowed by the California law, which sum was represented to be $396.94. The State contended in that case that if such discount were allowed the California company the tax paid by it would be less than the 2.25 per cent tax levied under the laws of Washington against domestic corporations and payable as provided by the Washington statute. The Washington court said, in passing upon the issues presented: "It is our opinion that such a situation as is here presented calls, in the first instance, for the determination by the insurance commissioner of a question of fact, to-wit, whether or not, under the law of the State of the domicile of the insurance company, the amount of whose tax in this State is being determined, a Washington insurance company doing business in that State would be required to pay a greater tax than the insurance company in question is required to

pay under our law. In deciding this question the insurance commissioner should take into consideration, in connection with other pertinent facts, the time fixed for the payment of the tax, and if, as in the case at bar, it appears that the tax-paying date is later than that fixed by our statute, that fact should be considered in deciding whether or not the tax imposed by the sister State is, in fact, more onerous than that imposed by our Insurance act. If, after such an estimate of the situation, the insurance commissioner is of the opinion that a comparison of the two laws demonstrates that a Washington insurance company is, in fact, discriminated against, the retaliatory statute may be applied."

In this connection it is to be noted that the Washington statute does not provide for the calculation of the tax on "the same basis or rate" but in lieu of that phrase substitutes "like obligations and prohibitions shall be imposed." It is obvious that the two provisions in the Illinois statute and Washington statute are neither the same nor even similar. The Washington statute clearly contemplates the consideration of other conditions and elements than the basis and rate upon which the tax shall be computed. The Illinois statute provides only for a comparison of the basis or rate. We do not regard the Washington decision as decisive of the issue made here, and, moreover, it is not in harmony with our own decisions upon this same statute.

*Talbott* v. *Fidelity and Casualty Co.* 74 Md. 536, cited by the complainant in support of its contention, is in our opinion not applicable. There the suit was brought by an insurance company (a New York company) to compel the insurance commissioner of Maryland to issue a license to that insurance company to do business in the State of Maryland. The Maryland commissioner refused to issue such license and the suit followed. The State of New York, under its retaliatory statute, had refused Maryland companies the right to do business in New York under a spe-

cial provision of that statute expressly giving the insurance department that power. Though the Maryland statute did not expressly grant the Maryland commissioner the power to refuse to grant or refuse to issue a license, yet the Maryland court decided that the power must be read into the act inasmuch as the Maryland statute was a retaliatory statute, and the court held the refusal of the commissioner to grant the license was justified.

The case of *Life and Casualty Ins. Co. of Tennessee v. Coleman,* 233 Ky. 350, 25 S. W. (2d) 74, insisted upon by the complainant as an authority in the case at bar, we likewise do not believe is either controlling or even persuasive of the correctness of the contention made by the complainant here. In the *Coleman case,* Kentucky had a retaliatory statute. The Tennessee statute provided a two and one-half per cent rate as to foreign companies, "which shall be in lieu of all other taxes." The Tennessee insurance company in making its return deducted as a credit on its tax, money which had been paid by it by way of taxes to municipalities in the State of Kentucky. The insurance commissioner, Coleman, refused to permit such deductions. The Supreme Court of Kentucky held that the phrase, "in lieu of all other taxes," precluded the municipalities in Tennessee from imposing any taxes on foreign insurance companies, and, since the only tax imposed on such companies in Tennessee was on the basis of two and one-half per cent, the insurance company was warranted in deducting from the taxes extended against it on the basis of two and one-half per cent by the insurance commissioner of Kentucky, all such municipal taxes paid by it, so long as such amount did not bring the amount paid to a rate of less than two and one-half per cent upon the premiums collected.

The law is, that in permitting foreign corporations to do business in this State the State may impose such conditions, restrictions and regulations as it shall see fit, so

long as they do not violate the Federal constitution. The statute of this State here under consideration is plainly a retaliatory statute and as such must be strictly construed. We are not permitted to read into it words and meanings not found in the body of the act itself. Under this construction the insurance commissioner has no authority or power to allow any discount on the amount of the tax assessed, by reason of the fact that under the California law the complainant was permitted to pay the tax in two installments. To put the construction contended for by the complainant upon this statute would be to permit the California statute to amend or supersede the time fixed for the payment by the Illinois act. Comity between the States is to be encouraged, reciprocity is to be promoted, but to read into this act a provision by which the payment of the tax could be made in two installments would violate well defined rules of construction for statutes of this character and extend the doctrine of comity and reciprocity beyond all reasonable limits. Manifestly, it was the intention of this statute that as the law of the sister State, as to the basis or rate for taxation purposes, operated upon insurance companies organized under the laws of Illinois doing business in such foreign State, so in like manner should such insurance companies organized under the laws of the sister State be taxed for the privilege of doing business in this State. This court has heretofore held that the retaliatory statute should be applied upon the same basis or rate as the tax imposed by the laws of the foreign State. *Union Central Life Ins. Co.* v. *Lowe,* 349 Ill. 464; *Metropolitan Life Ins. Co.* v. *Boys,* 296 id. 166; *Germania Ins. Co.* v. *Swigert,* 128 id. 237.

In the construction of the Illinois statute the legislative intent is to be ascertained and regarded. The object of this statute is clear. Its plain purpose was to place insurance companies organized under the laws of other States, and which companies had obtained licenses to do

business in this State, on the same parity as the Illinois companies would be in the States from which the foreign insurance companies came. It was not intended to discriminate against Illinois organized companies in favor of foreign insurance companies, but they were to be on an equality so far as equality could be reached in the matter of taxes. No tax law is perfect. The most that can be done in the enactment of tax laws is to attain a plane of equality in the levy and assessment of taxes as near as practicable. Business conditions of any particular business are so diversified and complex that absolute equality can seldom, if ever, be attained in taxation. It is manifest that the meaning and legislative intent of section 2 of the Illinois act, *supra,* are explicit and clearly stated. The keystone of the statute is "the same basis or rate." The basis is the ground or foundation on which the tax is computed; the rate is the per cent fixed by the statute applied to the basis in making the calculation. The result thus obtained is the amount of the tax to be paid.

It is clear that the word "or" in section 2 of the statute is to be given the meaning of the word "and." The Department of Trade and Commerce is not vested with any discretion under the Illinois act. It is made the duty of every officer to pay into the State treasury the gross amount of money so received without delay, not later, in any event, than the next day, disregarding holidays and Sundays, after the receipt of the same, without any deductions on account of salaries, fees, costs, charges, expenses or claims of any description. (Smith's Stat. 1933, chap. 127, sec. 2, p. 2788; Cahill's Stat. 1933, chap. 127*b,* sec. 2, p. 2645.) The Department of Trade and Commerce under this statute has no power, granted or implied, by which it can allow to any insurance company any deduction or discount from the payment of the full amount of its taxes computed upon the basis or rate provided by section 2, other than the deductions expressly permitted by

the Insurance act itself, in making the return for taxation purposes. The fact that under the Illinois law the tax is to be paid in a lump sum at the time fixed is a mere incident to the Insurance act. To permit the complainant to pay the tax in two installments merely because the California statute permitted such to be done would be to discriminate against insurance companies organized under the laws of the State of Illinois. The essence of the statute is the basis or rate. The time of payment follows as a necessary corollary for the practical working of the act. It would hardly be contended that if the California insurance company is in default in paying its Illinois tax on July 31 the fifteen per cent penalty provided by the California law, rather than the five per cent penalty provided by the Illinois statute, would be applicable. We believe all minds will agree on this proposition. That being true, in our opinion the circumstance that the California statute provides for the payment of taxes in two installments is not applicable to the payment of taxes in Illinois, but all foreign insurance companies, regardless of the time fixed by the statutes of the States under which they are organized, must, when paying taxes in Illinois, conform to the date fixed by the Illinois statute for the payment of taxes, and no discount or rebate or interest can be allowed any such foreign insurance companies.

We are of the opinion that there is no merit in the contention of the complainant that the construction of the statute as we have here construed it makes the statute discriminatory and violates the provisions of the Federal constitution. Section 2 of the act is not violative of any of the provisions of the constitution of the State of Illinois or of the fourteenth amendment to the constitution of the United States. Neither is the construction placed by the Department of Trade and Commerce upon such statute violative of any of the provisions of the State or Federal constitution. *Union Central Life Ins. Co.* v. *Lowe, supra;*

*Metropolitan Life Ins. Co.* v. *Boys, supra; Union Life Ins. Co.* v. *Durfee,* 164 Ill. 186; *Germania Ins. Co.* v. *Swigert, supra; Home Ins. Co.* v. *Swigert,* 104 Ill. 653.

The decree of the circuit court in sustaining the demurrer to the bill and dismissing the bill for want of equity was correct, and such decree is affirmed

*Decree affirmed.*