## STATE MUT. LIFE ASSUR. CO. OF WORCESTER, MASS., v. HEINE.

### No. 501.

District Court, W. D. Kentucky
at Louisville.

April 28, 1943.

Bullitt & Middleton and Lee Blackwell, all of Louisville, Ky., for plaintiff.

Lawrence S. Leopold and L. H. Hilton, both of Louisville, Ky., for defendant.

MILLER, District Judge.

This action was brought by the plaintiff, State Mutual Life Assurance Company, against the defendant, L. Allen Heine, for a declaration of rights with respect to an insurance policy issued by the plaintiff to the defendant on September 22, 1926. The policy insured the life of the defendant in the amount of $7,000, and by a supplementary contract it provided for a benefit of $70 per month in the case of total and permanent disability. The petition alleges that on or about July 19, 1927, Heine notified the plaintiff that he had suffered a disability covered by the policy, that the plaintiff rejected the claim, that on November 22, 1930, Heine filed suit on the claim in the Jefferson Circuit Court of Kentucky, that the action was removed to the U. S. District Court for the Western District of Kentucky, and set for trial on March 26, 1931; that on March 9, 1931, Heine dismissed his action without prejudice; that on March 24, 1931, Heine instituted another suit in the Jefferson Circuit Court of Kentucky which was not removable to the Federal court and which was assigned to trial on January 12, 1932, that the prosecution of said claim was not pushed by Heine and on or about August 25, 1932, he caused that action to be dismissed without prejudice; that Heine still claims to be entitled to the disability benefits provided for by the policy, but will not bring the matter to a judicial decision.

A pre-trial conference was held to construe, for the purpose of governing the introduction of evidence, the following provision of the policy: "If the insured hereunder while no premium is in default under this said policy and Disability Contract shall furnish due proof that, before reaching the age of sixty years, because of accident or disease he has become wholly, continuously and permanently unable to pursue any gainful occupation and presumably for life will be unable to perform any work, mental or manual, or engage in any business for compensation or profit, and that such disability, or the cause thereof, was sustained or contracted after the date hereof, the Company will waive the payment of all premiums becoming due under the said policy and this Disability Contract and pay the insured a monthly income of one per cent of the face amount of said policy, exclusive of any paid-up additions."

Heine in his answer and counter-claim alleges that in December 1926, and before he had reached the age of 60 years, he became wholly, continuously and permanently disabled. He does not allege that the cause of the disability was contracted after the date of the policy, but contends that it is only necessary for him to prove under the provisions of the contract above set out that the *disability* was sustained after the date of the contract; that the contract imposes liability if either the disability, *or* the cause thereof, was sustained or contracted after the date of the contract. The plaintiff claims that although Heine may have become disabled in December 1926, yet the cause of such disability was in fact contracted before the policy was issued, and the contract should be construed as requiring that both the

disability *and* the cause thereof occur before the date of the contract.

■■ It is agreed by respective counsel, and apparently appears well settled by numerous decisions that under certain conditions the word "or" in a written instrument can be construed so as to read "and", and that the word "and" can likewise be construed so as to read "or". The statement of the general rule, and examples thereof, are shown by the following cases: State of Nebraska v. Brictson Mfg. Co., 114 Neb. 341, 207 N.W. 664, 44 A.L.R. 1172; Pacific Mut. Life Ins. Co. v. Lowe, 354 Ill. 398, 188 N.E. 436, 91 A.L.R. 788; Ancient and C. S. R. of Freemasonry v. Board of Equalization of Lancaster County, 122 Neb. 586, 241 N.W. 93, 81 A.L.R. 1166; Vinograd v. Travelers' Protective Ass'n, 217 Wis. 316, 258 N.W. 787, 106 A. L.R. 1227, Annotation on page 1234; Weisman v. Continental Life Ins. Co., 216 Mo. App. 13, 267 S.W. 21.

These cases show that the word "and" or "or" will not be given its literal meaning when such meaning would do violence to the evident intent and purpose of the contracting parties, and the other meaning would give effect of such intent. On the other hand, the words should not be treated as interchangeable when their accurate and literal reading does not render the sense dubious. The fact that the terms of the contract are onerous when given its literal meaning is not enough to warrant the Court in changing plain and unambiguous language employed by the insurer. If such a result follows it is the fault of the insurer who prepared, adopted and used the language under consideration. Oklahoma Nat. Life Ins. Co. v. Norton, 44 Okl. 783, 145 P. 1138, L.R.A. 1915E, 695; Pompano Horse Club v. State of Florida, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; Ashland County Bank v. Village of Butternut, 208 Wis. 90, 241 N.W. 638, 82 A.L.R. 865.

As was stated in Interstate Business Men's Accident Ass'n v. Dunn, 178 Ky. 193, 198 S.W. 727, 6 A.L.R. 1333, insurance companies do not often omit or insert words by mistake or inadvertence and when the words used are fairly susceptible of two interpretations that which will sustain the claim of the insured and cover the loss must by preference be adopted. See Sun Life Ins. Co. v. Taylor, 108 Ky. 408, 56 S.W. 668, 94 Am.St.Rep. 383.

■■ The present case does not appear to me to present a situation calling for the application of the rule. The language of the provision is not ambiguous. When read in its literal sense it extends the coverage beyond the limits which the company now says it was its intention to fix, but I find little, if anything, to show that its intention at the time the policy was written was what it now claims it to have been. Plaintiff contends that a literal construction of the language used would mean that the company was insuring against something that had already happened, which is not the purpose of any insurance contract. But the United States Supreme Court held in United States v. Patryas, 303 U.S. 341, 58 S.Ct. 551, 554, 82 L.Ed. 883, that "no legal obstacle prevents parties, if they so desire, from entering into contracts of insurance to protect against loss that may possibly have already occurred." In the present case the insured may have wanted the exact coverage which the policy provided, namely, a protection against a subsequent disability arising either from something happening in the future or from an existing unknown cause; in other words, future disability regardless of the origin of the cause. There is more substance to plaintiff's further contention that the construction contended for by the insured means that no effect whatever is to be given to the words in the policy reading "or the cause thereof", in that the result sought would have been gained by merely having provided in the policy "and that such disability was sustained after the date hereof." However, I do not believe that the use by the insurer of additional words, which although unnecessary to provide the protection desired; nevertheless express the same thought by reference to another possible alternative, and which does not create any ambiguity, should cause the Court to give a construction to the contract which ignores the plain meaning of the words actually used and excuses the insurance company from a liability which might otherwise exist.

The phrase under consideration is to be read and construed in the disjunctive as written.