The People of the State of Illinois ex rel. Eugene S. Meyer; The People of the State of Illinois ex rel. Roger Fisher; Eugene S. Meyer, Individually; Roger Fisher, Individually; and All Other Taxpayers of Winnebago County, Illinois, Similarly Situated as Are the Said Individual Plaintiffs, Plaintiffs, v. Horace M. Skinner, County Clerk of Winnebago County, Illinois; Community High School District No. 211 of Winnebago County, Illinois; Non-High School District No. 206 of Winnebago County, Illinois, Defendants.

Board of Education in and for the City of Rockford, No. 205, Winnebago County, Illinois, a Municipal Corporation, Counter-Plaintiff, v. Community High School District No. 211, Winnebago County, Illinois, Counter-Defendant.

Gen. No. 66–75.

Second District.

December 29, 1966.

Rehearing denied January 31, 1967.

 

 

Reno, Zahm, Folgate and Skolrood, of Rockford, for appellant.

Pedderson, Menzimer, Conde and Stoner, of Rockford, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

Plaintiff, the Board of Education of School District No. 205 in the City of Rockford, brought this action against defendant, Community High School District No. 211 of Winnebago County, to recover for an unpaid balance of tuition for the 1963–1964 school year in the sum of Nine Thousand Nine Hundred Seventy-Eight and 34/100 ($9,978.34) Dollars.

The plaintiff is a special charter school district operating public schools in the city of Rockford, offering education in grades one through twelve. Defendant is a protectorate high school district which does not own or operate any school buildings but uses its funds to pay for the tuition and transportation of its pupils to other school districts. A majority of its pupils attend the schools operated by the plaintiff.

At the end of each school year plaintiff submits a claim for tuition to defendant covering plaintiff's costs

of operating and maintaining its schools, in an amount representing the defendant's share of that cost.

At the close of the 1963–1964 school year, plaintiff submitted a bill to defendant including the pro rata cost of interest on building construction bonds and depreciation on the same buildings. Defendant paid the depreciation and all of the tuition cost excepting only the amount in controversy which represents the amount which plaintiff alleges to be due from defendant on account of interest on the building bonds. Defendant refused to pay that portion of the tuition claim attributable to building bond interest on the ground that it did not represent a proper part of the tuition charges.

Only one witness testified in the trial court. The Assistant Superintendent of the plaintiff district testified that the plaintiff district levies for the full amount of its bond interest in each year and the amounts collected from other school districts for this item are simply added to its general fund without any reduction in subsequent tax levies.

The trial judge at the conclusion of the testimony granted judgment in favor of the plaintiff and against the defendant for the full amount. This appeal followed raising the single legal issue. May plaintiff include in its tuition claim against defendant interest paid on plaintiff's building bonds as well as depreciation on the same buildings?

This issue did not exist prior to 1959. Before that time section 11–17 of the School Code provided:

"The tuition paid shall in no case exceed the per capita cost of maintaining the high school attended, *excluding therefrom interest paid on bonded indebtedness* which shall be computed by dividing the total cost of conducting and maintaining said high

414

school by the average number of pupils enrolled, including tuition pupils."

(Ill Rev Stats c 122, § 11–17, 1957). In 1959, the language italicized above was deleted from the statute so that the statute presently reads as follows:

"The tuition paid shall in no case exceed the per capita cost of maintaining the high school attended, which tuition shall be computed by dividing the total cost of conducting and maintaining the high school by the average number of pupils enrolled, including tuition pupils. Depreciation on the building and equipment of the high school attended shall be included as part of the cost of maintaining the high school attended, and the amount of annual depreciation on such building and equipment shall be dependent upon the useful life of such property. The board of education of any non-high school district may audit the claims of any school submitting a claim for tuition, and shall, after making request of the school board and the school treasurer, have access to the school records and financial records of the district for the purpose of making the audit.

"The school board of the high school that the tuition pupils attend shall certify not later than August 1, of each year, to the non-high school board, the estimated amount of the tuition charges for the succeeding school year." (Ill Rev Stats 1965, c 122, par 12.22.)

Section 10–20.12a of the School Code (Ill Rev Stats 1965, c 122, par 10–20.12a) provides that it is the duty of the school board:

"To charge non-resident pupils who attend the schools of the district tuition in an amount equal

415

to the per capita cost of maintaining the schools of the district for the preceding school year.

"Such per capita cost shall be computed by dividing the total cost of conducting and maintaining the schools of the district by the average daily attendance, including tuition pupils. Depreciation on the buildings and equipment of the schools of the district, and the amount of annual depreciation on such buildings and equipment shall be dependent upon the useful life of such property.

"The tuition charged shall in no case exceed the per capita cost of conducting and maintaining the schools of the district attended. Non-resident pupils attending the schools of the district for less than the school term shall have their tuition apportioned."

The plaintiff argues that the deletion of the phrase "excluding therefrom interest paid on bonded indebtedness" occurring in the amendment of 1959 expresses a legislative intention that amounts so represented may now be charged. Defendant, on the other hand, argues that the courts of Illinois have previously held it unlawful to charge both building bond interest and depreciation. In addition, defendant argues that the phrase "cost of conducting and maintaining the schools" does not include interest on building bonds.

The Supreme Court and this court have had occasions to consider the statute prior to its amendment in 1959. The case of The People v. Chicago & N. W. Ry. Co., 286 Ill 384, 121 NE 731 (1918), involved the validity of the prior statute as against a charge that it discriminated against taxpayers of the high school district in favor of the taxpayers of the district where no high school building was located. The Supreme Court said at page 395:

"That a reasonable tuition shall be paid for non-high-school pupils has been recognized in this State.

416

The right of the legislature to fix such reasonable tuition and the means of its payment, subject to the requirement that the privileges thereunder be extended equally to all children similarly situated, is likewise well established. (Citations Omitted.) The act providing the tuition in this case meets these requirements. Section 96 of the Act provides that the cost of maintenance, upon which the computation of the tuition is based, shall be 'the total cost of maintaining such high school,' less interest paid on bonded indebtedness. It is evident that the legislature intended by this provision to secure as even a distribution of cost as it is possible to obtain; that the 'total cost' of maintaining such high school should include all expenses incurred by the high-school district in maintaining such high school, the rental of any buildings therefor not owned by the high-school district, and a reasonable charge for the use and depreciation of buildings owned by the high-school district; and that interest paid on bonded indebtedness should be excluded from such computation to avoid duplication, which would necessarily result if interest on bonded indebtedness as well as said use and depreciation was to be charged. The computation of the tuition on a basis excluding interest on bonded indebtedness does not, therefore, create an inequality."

In the case of Board of Education of Earlville Community High School Dist. No. 380 v. Board of Education of Non-High School Dist. of La Salle County, 343 Ill 464, 175 NE 810 (1931), the Supreme Court said at page 469:

"The maintenance of a high school building does not, under Section 96 of the School law, authorize a positive charge for the use of the building in

417

computing the tuition to be paid for the pupils attending the high school from a non-high school district."

In Board of Education in and for School Dist. of City of Rockford, Ill. v. Board of Education of Non-High School Dist. 206 of Winnebago County, Ill., 321 Ill App 131, 52 NE2d 274 (1943), this court held at pages 136 and 137:

"Depreciation must be carried as a current charge, and if interest on bonded indebtedness for the construction of the building is also carried as a current charge, there would be a duplication."

██ It is a familiar principle of statutory construction that where two or more constructions may be placed upon a statute, the court should select that construction which leads to a logical result and avoids the absurd. In this case if we select the construction urged upon us by the plaintiff, then more taxes will be levied and collected for interest on building bonds than is necessary to pay the interest and the additional monies will go into the general funds of the plaintiff district.

"It is well settled that school boards and other taxing authorities have no power to make a levy to accumulate a fund for use at some undetermined future time."

Board of Education v. Board of Education, supra, at page 136. Consequently, no levy is made against the property within the plaintiff school district for the item of depreciation while such levy is made within the defendant school district. However, to secure a just distribution of costs between the respective school district, the plaintiff school district levies a tax against the property within its district for principal and interest on the building bonds for the construction of the school buildings in question and the defendant makes no levy therefor.

418

We believe that under the construction urged by the defendant, the taxes levied by it for the payment of tuition costs will be those amounts necessary for the conduct and maintenance of the school; and that this is in accord with the clear intention of the legislature. We therefore conclude that the trial court erred in granting judgment for the plaintiff. We conclude that proper tuition includes depreciation but does not include interest on building bonds and that plaintiff is not entitled to collect from defendant on that account. The judgment is therefore reversed.

Judgment reversed.

DAVIS and ABRAHAMSON, JJ., concur.