(No. 40534.—

THE PEOPLE *ex rel.* Eugene S. Meyer *et al., vs.* HORACE M. SKINNER, County Clerk, *et al.*—(BOARD OF EDUCATION OF THE CITY OF ROCKFORD, Appellant, *vs.* COMMUNITY HIGH SCHOOL DISTRICT No. 211, Appellee.)

*Opinion filed November 30, 1967.*

380

PEDDERSON, MENZIMER, CONDE & STONER, of Rockford, (DALE F. CONDE, of counsel,) for appellant.

RENO, ZAHM, FOLGATE & SKILROOD, of Rockford, (RALPH S. ZAHM and A. CURTIS WASHBURN, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This case was heard upon the counterclaim of the Board of Education in and for the City of Rockford, No. 205, against counterdefendant, Community High School District No. 211, Winnebago County, for recovery of $9,978.34 alleged to be the unpaid balance of tuition for the school year 1963-1964. The circuit court of Winnebago County entered judgment for that amount and the Appellate Court, Second District, reversed. (78 Ill. App. 2d 412.) We granted leave to appeal.

While District No. 211 is a high school district, it does not maintain a school but sends its children to the schools of District No. 205 and pays tuition for its students on a *per capita* basis. The balance of $9,978.34 represents the unpaid balance of District No. 211's proportionate share of annual interest on Rockford's school building bonded indebtedness. The sole issue is whether such interest is properly includable as part of the cost of maintaining Rockford's schools.

Prior to 1959, section 11—17 of The School Code (Ill. Rev. Stat. 1957, chap. 122, par. 11—17), provided that in computing *per capita* cost of maintaining a high school, depreciation of buildings and equipment was to be included but "excluding therefrom interest paid on bonded indebtedness." Section 11—17 was amended in 1959 by deleting the quoted clause which excluded interest in cost computation.

The School Code of 1961 incorporated the section as amended as section 122—22 and there has been no change since. (Ill. Rev. Stat. 1965, chap. 122, par. 122—22.) Section 10—20.12a was added to the Code in 1963. (Ill. Rev. Stat. 1963, chap. 122, par. 10—20.12a.) It provided for a charge for nonresident pupils of the *per capita* cost of maintaining schools of the attendance district and specified the manner of computing depreciation. Neither depreciation nor interest is specifically designated as part of the cost of maintaining the schools but, on the other hand, neither is excluded as a proper charge in computing such cost.

The main thrust of District No. 211's argument is that in earlier cases this court approved the use of depreciation in computing costs, but disapproved the inclusion of interest on bonded indebtedness. *People ex rel. Goodell* v. *Chicago and Northwestern Railway Co.,* 286 Ill. 384, upheld the validity of section 96 (the predecessor of section 11—17) against the constitutional attack that it discriminated against the taxpayer in the district maintaining the school in favor of the taxpayer in the non-high school district because the latter paid no part of the cost of construction and equipment of buildings nor any of the interest on the bonded indebtedness. In *Board of Education of Earlville Community High School* v. *Board of Education of Non-High School Dist.,* 343 Ill. 464, the high school board attempted to charge both depreciation and use of the school building. It was held that because of the exclusion by statute of interest on bonded indebtedness there is an implication that in ascertaining the cost of maintaining the school a charge for use of the building could not be made.

The determination of whether interest on bonded indebtedness should be included in cost computation is within the province of the legislature and the court merely recognized the right of the General Assembly to exclude it. The court was not making an independent determination. (The

broad inherent rights of the legislature over school districts have long been established, (*e.g. People* v. *Deatherage,* 401 Ill. 25,) and the courts have respected those rights.) The statement in *People ex rel. Goodell* v. *Chicago and Northwestern Railway Co.,* 286 Ill. 384, 395, "that interest paid on bonded indebtedness should be excluded from such computation to avoid duplication, which would necessarily result if interest on bonded indebtedness as well as said use and depreciation was to be charged" was unfortunate and misleading. There is no duplication in a charge for interest and depreciation since depreciation, as hereinafter pointed out, tends to offset cost of acquisition, while interest is the cost on the money which makes construction possible.

It is argued that repeal of the provision for exclusion of interest only does away with the specific exclusion and that it is incumbent upon the Rockford District "to find some statutory language or specific manifestation of intent on the part of the General Assembly in order to be able to charge interest on building bond indebtedness as part of tuition to non-resident students." Absent a valid holding by the courts that inclusion of interest is illegal (and as heretofore noted we are of the opinion that this is a legislative and not a judicial determination) there is no reason for deletion of the exclusion other than to authorize a charge for interest on bonded indebtedness. The deletion was the only amendment to the section in 1959 and it seems apparent that it was done deliberately and for the sole purpose of allowing interest on bonded indebtedness, which is part of the cost of "maintaining" the school, to be added to other school maintenance costs. The net effect is to spread the cost of maintaining the schools equally to all taxpayers both in and out of the district maintaining the school.

The proceeds from the sale of a bond issue are used for the purchase or construction of school property and the property is paid for by the resident taxpayers of the building district through retirement of bonds as they ma-

ture. The nonresident taxpayers help reimburse the school district for the use of this property by being charged with their proportionate share of depreciation based on the useful life of the property. Thus, the portion of the tuition based on depreciation of the property, in effect, reimburses the school district for principal payments it is making or has made on the bond issue. The interest charge on the principal of the bond issue is, of course, a necessary cost that is not reflected in the depreciation charge. The addition of interest to operation cost and depreciation in computing *per capita* cost of educating nonresident students equalizes the cost between resident taxpayers and nonresident taxpayers whose children are being educated. We see no purpose in speculating as to the reason for excluding interest on bonded indebtedness prior to the amendment. It is sufficient to say that by deleting it the unequal burden upon the school district taxpayer has been removed.

The contention that collection of taxes for interest on bonded indebtedness will result in a collection of double the amount needed and constitutes a windfall is utterly without merit. In preparing its budget a school district adds all of its anticipated operating expenses, including interest on bonded indebtedness, and deducts tuition and other reimbursements. The levy is for the net difference, not for the estimated gross total of cost of maintaining the school. It is readily apparent that there will be no duplication by collection of District No. 211's proportionate share of interest on bonded indebtedness since that amount will have been deducted from total cost as an anticipated reimbursement.

The judgment of the Appellate Court, Second District, is reversed, and the judgment of the circuit court of Winnebago County is affirmed.

> *Appellate Court reversed;*
> *circuit court affirmed.*