Board of Education in and for the School District of the City of Rockford, No. 205, Winnebago County, Illinois, a Municipal Corporation, Plaintiff-Appellee, v. Community High School District Number 211, of Winnebago County, Illinois, a Municipal Corporation, Defendant-Appellant.

Gen. No. 67–34.

Second District.

December 13, 1967.

Reno, Zahm, Folgate and Skolrood, of Rockford, for appellant.

Pedderson, Menzimer, Conde and Stoner, of Rockford, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court.

The plaintiff is a special charter school district operating public schools in the City of Rockford offering education in grades 1 through 12. Defendant is a protectorate high school district which does not own or operate any school buildings but uses its funds to pay for the tuition and transportation of its pupils to other school districts. Defendant is apparently the only protectorate district in the State of Illinois.

At the end of each school year, plaintiff submits a claim for tuition to defendant, covering plaintiff's costs of operating and maintaining its schools in an amount representing the defendant's share of that cost. The bill for the 1963–1964 school year included interest on bonded indebtedness and depreciation on the same buildings. We held that the interest could not be charged People ex rel. Meyer v. Skinner, 78 Ill App2d 412, 223 NE2d 248 (1966).

The tuition bill for 1964–1965 once again included an item of $9,338.41 for interest on bonded indebtedness. In addition, the bill included an item of $32,496.36 for tuition calculated upon the cost of high school education only. All of the pupils from the defendant District who attend the plaintiff's schools are at the high school level and none of them attend grade schools operated by the plaintiff.

There are two issues between the parties. First, should the tuition be calculated on the basis of the cost of main-

taining just the high schools or the entire cost of maintaining grades 1 through 12 operated by the plaintiff? This issue arises because the cost of high school education is greater than the cost of grade school education. Second, is interest on bonded indebtedness a proper charge?

Based upon our decision in the previous case, the trial judge denied the claim for interest on bonded indebtedness, but allowed the claim for additional tuition calculated on the cost of high school education. The defendant appealed from that decision contending that the entire cost of the system should be used as a calculation and the plaintiff has cross-appealed on the question of the inclusion of interest on the bonded indebtedness.

■ Relative to the cross-appeal, the Supreme Court has recently reversed our holding in the Skinner case. People ex rel. Meyer v. Skinner, 38 Ill2d 379, 232 NE2d 297 (1967). Consequently, the judgment of the trial court as to this aspect of the appeal is reversed.

The remaining issue between the parties involves a construction of section 10–20.12a of the School Code which provides as follows:

"Tuition for non-resident pupils. To charge non-resident pupils who attend the schools of the district tuition in an amount equal to the per capita cost of maintaining the schools of the district for the preceding school year.

"Such per capita cost shall be computed by dividing the total cost of conducting and maintaining the schools of the district by the average number of pupils enrolled, including tuition pupils. Depreciation on the buildings and equipment of the schools of the district, and the amount of annual depreciation on such buildings and equipment shall be dependent upon the useful life of such property.

"The tuition charged shall in no case exceed the per capita cost of conducting and maintaining the schools

of the district attended. Non-resident pupils attending the schools of the district for less than the school term shall have their tuition apportioned." (Ill Rev Stats 1963, c 122, § 10–20.12a.)

The question presented is whether the Legislature intended that the tuition be calculated on the basis of the schools actually attended, that is, the high school in this case, or the cost of the whole system provided by the district maintaining the schools attended.

Obviously, if we use the entire system as a standard for computation, the taxpayers in the defendant District will pay less for their children's education than the taxpayers in the plaintiff District. The constitutional and legislative history of the public school system in Illinois clearly indicates that the schools are to be open to all on an equal basis and that all those who benefit from our system of public schools should share its cost on an equal basis. As the Supreme Court said in the case of People v. Moore, 240 Ill 408, 88 NE 979 (1909) at page 412:

"The constitutional requirement for the provision of a system of free schools is not only a mandate to the legislature, but also a limitation of its power. It can only authorize the establishment of high schools of the character of free schools whereby all the children of the State may receive a good common school education. The high school, as well as the lower grades, must be open to all children in the district of school age free, so that all shall have the right to an equal education therein. If this right is extended to the children of other districts it must be upon the same terms to all similarly situated. It cannot be extended to different individuals at different prices, according to their ability to pay. Within the district it must be free to all. If open to non-residents the terms must be equal to all."

484

In People v. Chicago & N. W. Ry. Co., 286 Ill 384, 121 NE 731 (1919), the Supreme Court found it to be the legislative intent to secure as even a distribution of cost as it is possible to obtain.

█ It is a familiar principle of statutory construction that where two or more constructions may be placed upon a statute, the court should select that construction which leads to a logical result and avoids the absurd. If we select the construction urged upon us by the plaintiff, then the taxpayers in the defendant District will pay for a high school education and their children will receive a high school education. If we select that construction urged upon us by the defendant, then the defendant's taxpayers will be able to purchase a high school education for less than the taxpayers in the plaintiff District. We cannot conceive that the Legislature intended this result. If the system of public education in Illinois is based upon the proposition that each pupil receives an equal education, then each taxpayer should pay an equal amount for value received.

█ The trial judge was correct in calculating the tuition based upon the cost of high school education only and his judgment, in this respect, is hereby affirmed. That part of the judgment pertaining to the exclusion of interest on the bonded indebtedness is hereby reversed. It therefore becomes necessary to reverse the order with directions to recompute the proper amount to be charged against the defendant in accordance with the views expressed herein.

Reversed in part; affirmed in part; and remanded with directions.

DAVIS, P. J. and ABRAHAMSON, J., concur.