TRUCK INSURANCE EXCHANGE, Plaintiff-Appellee, v. JOHN E. WASHBURN, Director of Insurance of the State of Illinois, *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—88—1182

Opinion filed February 28, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellants.

Hopkins & Sutter, of Chicago (Richard Bromley, John L. Conlon, and Mary Kay McCalla, of counsel), for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Truck Insurance Exchange, a reciprocal insurer incorporated in the State of California, filed a complaint against the Director of the Illinois Department of Insurance, the State Treasurer and the State Attorney General to obtain a credit on its 1986 retaliatory tax (Ill. Rev. Stat. 1985, ch. 73, par. 1056) of the amount it had paid into the Illinois Insurance Guaranty Fund for 1986 (Ill. Rev. Stat. 1985, ch. 73, par. 1065.87—6). The circuit court of Cook County granted plaintiff's motion for summary judgment and denied defendants' motion for summary judgment. Defendants appeal.

In addition to the annual privilege tax which foreign insurers must pay Illinois (Ill. Rev. Stat. 1985, ch. 73, par. 1021), they are also subject to the payment of a retaliatory tax (Ill. Rev. Stat. 1985, ch. 73, par. 1056). Section 444 of the Illinois Insurance Code (Code) provides:

"Whenever the existing or future laws of any other state *** shall require of companies incorporated or organized under

the laws of this State as a condition precedent to their doing business in such other state ***, compliance with laws, rules, regulations and prohibitions more onerous or burdensome than the rules and regulations imposed by this State on foreign *** companies, or shall require any deposit of securities or other obligations in such state ***, for the protection of policy-holders or otherwise or require of such companies *** the payment of penalties, fees, charges or taxes greater than the penalties, fees, charges or taxes required in the aggregate for like purposes by this Code or any other law of this State, of foreign *** companies, *** then such laws, rules, regulations and prohibitions of said other state *** shall apply to companies incorporated or organized under the laws of such state *** doing business in this State, and all such companies *** shall be required to make deposits, pay penalties, fees, charges and taxes, in amounts equal to those required in the aggregate for like purposes of Illinois companies doing business in such state." Ill. Rev. Stat. 1985, ch. 73, par. 1056.

In short, a foreign insurer doing business in Illinois is subject to a retaliatory tax when the State of its incorporation imposes greater economic burdens on an Illinois insurer than Illinois places on the foreign insurer. As a foreign insurer, plaintiff was obligated to submit a privilege and retaliatory tax report for the year 1986. (Ill. Rev. Stat. 1985, ch. 73, par. 1022.) In the retaliatory portion of its report for that year, plaintiff was required to compare the aggregate taxation upon it by Illinois with the aggregate taxation of an Illinois company doing the same volume of business in California. The imposition of a retaliatory tax depended upon the "State of Illinois Basis" being less than the "State of Incorporation Basis." In calculating its liability for the retaliatory tax, plaintiff entered as a credit to the "State of Incorporation Basis" its payment of $36,822 to the Illinois Insurance Guaranty Fund (Ill. Rev. Stat. 1985, ch. 73, par. 1065.82 *et seq.*).[1] As a result, the "State of Incorporation Basis" was less than the Illinois basis and no retaliatory tax appeared due Illinois from plaintiff.

The Illinois Insurance Guaranty Fund (Fund) is established in article XXXIV of the Code. (Ill. Rev. Stat. 1985, ch. 73, pars.

---

[1]On appeal, plaintiff concedes that it should have instead entered the Fund assessment as a fee or charge in the Illinois basis column. Because plaintiff's procedure had the same result as that procedure would have had, the difference is immaterial.

1065.82 to 1065.102.) The Fund was created to, *inter alia*, avoid financial losses to claimants or policyholders due to the insolvency of insurers and to assess the cost of the protection afforded by the Fund among the member companies. (Ill. Rev. Stat. 1985, ch. 73, par. 1065.82.) Member companies are all insurers, whether foreign or domestic, holding certificates of authority to transact business in Illinois. (Ill. Rev. Stat. 1985, ch. 73, par. 1065.84—5.) All member companies "shall be and remain members of the Fund as a condition of their authority to transact business in [Illinois]." (Ill. Rev. Stat. 1985, ch. 73, par. 1065.85.) The Fund is a non-profit, unincorporated entity governed by a Board of Directors elected by the member companies. Their election is subject to the approval of the Illinois Director of Insurance. (Ill. Rev. Stat. 1985, ch. 73, pars. 1065.85, 1065.86.) To cover claims and expenses, member companies are assessed amounts proportionate to their volume of business in the State when compared to the volume of business done by all insurers in the State. However, in any year they cannot be assessed more than 1% of their total premiums. (Ill. Rev. Stat. 1985, ch. 73, par. 1065.87—6.) Finally, member companies receive refunds of their assessments when the Fund's assets at the end of the year exceed its estimated liabilities and expenses for the coming year or when the Fund is reimbursed by estates of insolvent insurers. Ill. Rev. Stat. 1985, ch. 73, pars. 1065.88—8, 1065.90—8.

Upon receipt of plaintiff's privilege and retaliatory tax report, the Illinois Department of Insurance denied plaintiff a credit for the Fund assessment and calculated that plaintiff owed a retaliatory tax of $27,710, including fines, penalties and interest. Plaintiff paid that amount under protest and instituted this litigation.

OPINION

■ On appeal, defendants first contend that Fund assessments are not penalties, fees, charges or taxes for purposes of the retaliatory tax statute. In deciding this issue, we must construe the retaliatory tax statute strictly, *i.e.*, we cannot "read into it words and meanings not found in the body of the act itself." (*Pacific Mutual Life Insurance Co. v. Lowe* (1933), 354 Ill. 398, 405, 188 N.E. 436.) Plaintiff's reliance on *Twin City Fire Insurance Co. v. Bell* (1983), 232 Kan. 813, 658 P.2d 1038, for the assertion that the statute should be liberally construed is unavailing in the face of our supreme court's holding to the contrary.

■ Citing *Pacific Mutual Life Insurance Co. v. Gerber* (1961), 22 Ill. 2d 196, 174 N.E.2d 862, defendants assert that the penalties,

fees, charges or taxes imposed by Illinois and includable in the calculation of the retaliatory tax are only those that are a condition precedent to doing business in Illinois and that are imposed exclusively upon foreign insurers. Defendants conclude that Fund assessments meet neither of these criteria.

We disagree with defendants' construction of *Gerber* as holding that, in order to be includable in the retaliatory tax calculation, Illinois penalties, fees, charges or taxes must be imposed exclusively against foreign insurers.

In *Gerber*, the court noted that the reference in the retaliatory tax statute "to taxes required 'for like purposes by this Code or any other law of this State,' is immediately limited to the taxes required 'of foreign *** companies.' " (*Gerber*, 22 Ill. 2d at 200.) This observation could arguably be given defendants' construction. However, its correct construction is revealed by the court's immediately following observation that "[this] provision is limited to foreign *** companies and appertains to taxes imposed on foreign *** companies *as such*" and its later conclusion that "only the taxes paid by insurance companies, *as such*, as a condition precedent to their doing business in the respective States" were within the scope of the statute. (Emphasis added.) *Gerber*, 22 Ill. 2d at 200-01.

In view of the fact that the insurer in *Gerber* sought to increase its Illinois retaliatory tax basis by its Illinois *ad valorem* personal property taxes, the latter observations reveal that the *Gerber* court did not distinguish taxes imposed on foreign insurers from those imposed on domestic insurers but, rather, distinguished taxes paid by foreign insurers in order to transact business in Illinois from taxes paid by all taxpayers in Illinois. While the former were includable on the Illinois side of the retaliatory tax calculation, the latter were not. *Gerber*, 22 Ill. 2d at 201-02.

Beyond the fact that *Gerber* does not support defendants' assertion, we also note that the Fire Marshal's tax, to which all insurers, foreign and domestic, are subject (Ill. Rev. Stat. 1985, ch. 127½, par. 16), is included as a line item in the form provided by the Department of Insurance for the calculation of the retaliatory tax.

This conclusion notwithstanding, we do agree with defendants that *Gerber* does establish that the penalties, fees, charges and taxes includable in the Illinois retaliatory tax basis are those imposed only as a condition precedent to an insurer's doing business in Illinois.

■ Plaintiff argues that the condition precedent language of the retaliatory tax statute is limited to compliance with laws, rules, regulations and prohibitions required of Illinois insurers by other States

and does not extend to the payment of penalties, fees, charges or taxes required by Illinois of foreign insurers. Whatever our inclination to agree with plaintiff, *Gerber* forecloses any such holding. The *Gerber* court construed the condition precedent language of the retaliatory tax statute as applying to each clause thereof when, in summary, it construed the statute as including within its scope only taxes paid by insurers as a condition precedent to their doing business in the respective States. (*Gerber*, 22 Ill. 2d at 201.) We are required to adhere to the supreme court's construction of the statute.

However, this conclusion is of no avail to defendants in view of our agreement with plaintiff that payment of Fund assessments, once they are made, is a condition precedent to doing insurance business in Illinois.

Section 108(1) of the Code provides that "[u]pon complying with the provisions of this article [VI], a foreign company organized as a reciprocal insurer may be admitted to transact" business in Illinois. (Ill. Rev. Stat. 1985, ch. 73, par. 720.) Section 109 requires foreign insurers to apply for and procure a certificate of authority to transact business in Illinois. (Ill. Rev. Stat. 1985, ch. 73, par. 721.) Section 111 establishes conditions for the issuance of a certificate of authority to foreign insurers. (Ill. Rev. Stat. 1985, ch. 73, par. 723.) The payment of Fund assessments is not one of the conditions established for the issuance of a certificate.

■ Section 113 of the Code provides that a certificate of authority will issue when, *inter alia*, a foreign insurer has complied with the requirements of article VI, all other requirements imposed by existing laws and has paid the taxes, fees and charges imposed by law. However, we do not believe that section 113 requires that foreign insurers pay, as a condition of obtaining certificates of authority to transact business in Illinois, Fund assessments made before they have obtained such certificates. Such a construction would be illogical. We must construe the statute so as to avoid illogical and absurd results. *Budka v. Board of Public Safety Commissioners* (1983), 120 Ill. App. 3d 348, 458 N.E.2d 126; *Board of Education v. Community High School District No. 211* (1967), 89 Ill. App. 2d 481, 232 N.E.2d 316.

However, section 114 of the Code does provide for the annual renewal of a foreign insurer's certificate of authority upon, *inter alia*, payment of the annual privilege tax imposed by the Code (Ill. Rev. Stat. 1985, ch. 73, par. 1021) and the nonexistence of any of the grounds specified in section 119 for revocation of a certificate of authority (Ill. Rev. Stat. 1985, ch. 73, par. 731). (Ill. Rev. Stat. 1985,

ch. 73, par. 726.) The payment of the privilege tax is thus a condition precedent to the annual renewal of a certificate of authority. (*Gerber*, 22 Ill. 2d at 197.) The nonexistence of any of the grounds specified in section 119 for revocation of a certificate of authority must also be considered such a condition precedent. Included in these grounds are the violation of any Illinois law (Ill. Rev. Stat. 1985, ch. 73, par. 731(e)) and the failure to pay any fees, taxes or charges prescribed by the Code (Ill. Rev. Stat. 1985, ch. 73, par. 731(k)). Section 119(k) is of no value in resolving whether the payment of Fund assessments is a condition precedent to doing insurance business in Illinois since it merely repeats the language of the retaliatory tax statute at issue here. The same is not true of section 119(e), however.

■ Unlike the situation with section 119(k), we need not first determine whether Fund assessments are "fees, charges or taxes" required by the Code, and thus includable in calculating the retaliatory tax, in order to conclude that nonpayment thereof must be considered a violation of Illinois law. Section 544 of the Code, similarly to section 119, allows the Director of Insurance to suspend or revoke the certificate of authority of any insurer failing to pay Fund assessments when due. Therefore, the payment of Fund assessments is a condition precedent to a foreign insurer's doing business in Illinois under section 119(e) of the Code. Thus, they would be includable in the retaliatory tax calculation if they are also either "fees, charges, or taxes" required by the Code.[2]

Defendants note that section 534.5 of the Code provides that any insurer holding a certificate of authority in Illinois is a Fund member (Ill. Rev. Stat. 1985, ch. 73, par. 1065.84—5) and that section 535 merely provides that all member companies "shall be and remain members of the Fund as a condition of their authority to transact business" in Illinois. (Ill. Rev. Stat. 1985, ch. 73, par. 1065.85.) However, we do not believe that there is any material distinction between a "condition precedent" to doing insurance business in Illinois and a "condition" thereto. While only insurers already holding certificates of authority are members of the Fund and are therefore liable for Fund assessments, section 119(e) conclusively establishes payment of any Fund assessments as a precondition to having those certificates renewed.

---

[2]While plaintiff generally asserts that Fund assessments are either "penalties, fees, charges or taxes," it fails to cite any authority for construing them as "penalties." Moreover, it cannot, as a practical matter, be seriously contended that Fund assessments constitute "penalties" under Illinois law.

Defendants further seek to exclude Fund assessments from the scope of the "fees, charges or taxes" includable within the retaliatory tax calculation by asserting that article XXV of the Code exclusively sets forth the "fees, charges and taxes" which the legislature has established for all insurers.

Plaintiff responds that, contrary to defendants' position, article XXV of the Illinois Insurance Code does not alone establish the penalties, fees, charges, or taxes to which the retaliatory tax statute refers inasmuch as neither that statute nor article XXV so provide. Moreover, plaintiff notes, the plain language of the retaliatory tax statute requires the comparison of penalties, fees, charges or taxes imposed by a foreign State to those required by the Code or any other Illinois law. Plaintiff further notes that defendants' position is at odds with the inclusion of the Fire Marshal's tax in the privilege and retaliatory tax report form issued by the Department of Revenue. That tax, it notes, is not established by article XXV of the Code but by section 12 of "An Act relating to the investigation and prevention of fire" (Ill. Rev. Stat. 1985, ch. 127½, par. 16).

■ We agree with defendants that article XXV of the Code exclusively sets forth the fees, charges and taxes includable within the retaliatory tax calculation. Plaintiff correctly notes that neither article XXV nor section 444 of the Code expressly so provides. However, plaintiff fails to cite any other provision of the Code or any other statute not contained therein which establishes fees, charges or taxes that a foreign insurer must pay as a condition precedent to doing business in Illinois and that are not recognized in article XXV. The fact that the language of the retaliatory statute recognizes that possibility is of no avail to plaintiff absent the actual existence of such a fee, charge or tax.

In this regard, plaintiff is correct that the Fire Marshal's tax to which all insurers, foreign and domestic, are subject is not established in article XXV of the Code. (See Ill. Rev. Stat. 1985, ch. 127½, par. 16.) However, plaintiff ignores that article XXV expressly recognizes the obligation of all insurers to pay the Fire Marshal's tax in section 412. (Ill. Rev. Stat. 1985, ch. 73, par. 1024.) As such, its establishment outside of the Code is immaterial.

■ Because the Fund is established in an article of the Code separate from article XXV and because Fund assessments are not recognized as "fees, charges, or taxes" in that article nor in any other part of the Code, we conclude that Fund assessments are not a "fee, charge or tax" required by the Code and are thus not includable in the retaliatory tax calculation, notwithstanding that they are

required by the Code as a condition precedent to the doing of insurance business in Illinois.

In view of the foregoing conclusion, we need not address the remaining arguments of the parties or the *amici curiae*, the Fund, the Alliance of American Insurers and the National Association of Independent Insurers.

For the reasons stated herein, we reverse the summary judgment for plaintiff and enter summary judgment for defendants.

Reversed.

RIZZI and WHITE, JJ., concur.